UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-01663-CKD-P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Because plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1 | exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

/////

**II.     Allegations in the Complaint**

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, brings this suit against Sacramento County Sheriff's Deputy Kenneth Shelton and Assistant United States Attorney Ellen Endrizzi for asserted violations of his constitutional rights while he was a federal pretrial detainee at the Sacramento County Main Jail in 2009.  He seeks damages and declaratory and injunctive relief.

Specifically, plaintiff alleges that defendant Shelton provided defendant Endrizzi with his attorney-client privileged communications including his jail phone calls, copies of his mail and social media all without a warrant.  ECF No. 1 at 4-5.  Defendant Endrizzi then used these materials to "plaintiff's detriment" including during a bail hearing in his federal criminal prosecution in two separate cases in which he was ultimately convicted.  ECF No. 1 at 5, 11-12; see also United States v. Charles Head, et al., Case No. 2:08-cr-00093-KJM-AC (E.D. Cal.); United States v. Charles Head, et al., Case No. 2:08-cr-00116-KJM-AC (E.D. Cal.).[1]  Plaintiff also alleges that defendant Shelton conducted multiple cell searches in retaliation for plaintiff's 2009 grievances about his mail being delayed or not delivered at all to his attorney.  ECF No. 1 at 7-8.  Plaintiff alleges that defendant Shelton seized his "personal mail, legal notes, journal records, and other papers" from his jail cell during these searches without providing him with a property receipt in violation of state regulations.  ECF No. 1 at 9.  According to plaintiff, these combined actions by defendants constitute a civil conspiracy to violate his constitutional rights.  ECF No. 1 at 13.

**III.     Legal Standards**

Standing alone, attorney-client privilege is merely a rule of evidence and not a free-standing constitutional right.  Partington v. Gedan, 961 F.2d 852, 863 (9th Cir. 1992) (citing Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir. 1985)) (quotation marks omitted).  The Supreme Court has held that governmental intrusion into the attorney-client privilege is not

---

[1] The court takes judicial notice of the docket in both of these cases.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation and citation omitted).

sufficient by itself to constitute a Sixth Amendment violation. Weatherford v. Bursey, 429 U.S. 545, 558 (1977). Thus, violation of the attorney-client privilege implicates the Sixth Amendment right to counsel only when the intrusion substantially prejudices the defendant. See United States v. Irwin, 612 F.2d 1182, 1186 (9th Cir. 1980); Partington, 961 F.2d at 863 (quotation marks omitted). Prejudice occurs when "evidence gained through the interference is used against the defendant at trial," or results "from the prosecution's use of confidential information pertaining to the defense plans and strategy, from government influence which destroys the defendant's confidence in his attorney, and from other actions designed to give the prosecution an unfair advantage at trial." Irwin, 612 F.2d at 1186-87.

Establishing prejudice resulting from a violation of the attorney-client privilege creates an additional difficulty when such claim is presented in a federal civil rights action pursuant to 42 U.S.C. § 1983. If plaintiff claims that he was prejudiced because his criminal defense was compromised by the unlawful seizure of his attorney-client correspondence, any Sixth Amendment claim would be barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994), for it would amount to a collateral attack on plaintiff's federal convictions. Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding a Sixth Amendment challenge by a federal pretrial detainee to a local jail requirement that ad seg inmates obtain written permission from jail staff to call their attorneys was barred by Heck). "The problem for plaintiff, however, is that if made this showing of prejudice would show that he was denied the effective assistance of counsel in his criminal trial, and thus call into question the validity of his underlying conviction." Horacek v. Seaman, 2009 WL 2928546, at *10 (E.D. Mich. Sept. 10, 2009). In other words, plaintiff's claim is not cognizable via a § 1983 action. Either the illegal seizure of his attorney-client materials harmed his criminal defense, in which case the Heck bar would foreclose this action, or it caused no such harm, in which case no Sixth Amendment claim exists.

To the extent that plaintiff names a federal prosecutor as a defendant in this civil action, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a

4

functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Plaintiff also appears to raise a claim of "deliberate indifference." Although conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due to pretrial detainees. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837.

The allegations in the complaint also concern retaliatory cell searches. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

**IV.     Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law and seeks relief from a defendant who is immune. See 28 U.S.C. § 1915A(b). Therefore, plaintiff's complaint should be dismissed.

First, the claims related to the violation of the attorney-client privilege either do not raise a constitutional violation or, if they do, are barred by Heck. Next, the court points out that the deliberate indifference standard of the Eighth Amendment does not apply to the search and seizure of any attorney-client communications at issue in the complaint. In the absence of (1) an objectively serious risk of harm to plaintiff's health or safety and (2) the requisite state of mind, which is deliberate indifference, plaintiff's claim fails as a matter of law. Additionally, all claims against defendant Endrizzi should be dismissed because as a federal prosecutor she has absolute immunity from suit. See Imbler, 424 U.S. 409. Plaintiff's alleged retaliation claim based on cell searches in 2009 are subject to dismissal because they are clearly time-barred.[2] Finally, because plaintiff has failed to state any freestanding claim of a constitutional violation, he necessarily cannot state a claim for conspiracy to violate civil rights under federal law. See Symonette v. City of N. Las Vegas, 449 Fed. App'x 683 (9th Cir. 2011).

**V.     Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see

---

[2] Plaintiff had four years from the date of the cell searches complained of within which to file suit. See Jones v. Blanas, 393 F.3d 918, 927 (2004) (stating that federal courts should apply the forum state's statute of limitations for personal injury actions because § 1983 contains no specific statute of limitations); see also Cal. Civ. Proc. Code § 335.1 (establishing a two year statute of limitations for personal injury actions occurring after January1, 2003); Cal. Civ. Proc. Code § 352.1 (2007) (providing a two-year tolling provision of a statute of limitations for prisoners serving less than a life sentence). Plaintiff's contention that he did not discover that his attorney-client privileged materials had been disclosed to defendant Endrizzi until "the year 2018" does not provide a basis to toll the statute of limitations for his retaliation claim from 2009. ECF No. 1 at 15. Plaintiff's own allegations demonstrate that the claim is time-barred and not subject to any equitable tolling.

also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In this case, the undersigned recommends dismissing the complaint without leave to amend.  Here, amendment would be futile because the deficiencies identified above are not curable in a manner that would lead to any cognizable claim for relief against a defendant who is not immune from suit.  If plaintiff's federal convictions are invalidated based on his pending post-conviction challenges, plaintiff may file a new complaint.  See Trimble v. City of Santa Rosa, 49 F.3d 583 (9th Cir. 1995).  For all these reasons, the undersigned recommends that this action be dismissed without leave to amend.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it is frivolous and fails to state any cognizable claim for relief.  Allowing you to amend the complaint would be futile because it does not appear that you could fix the issues with the complaint.  As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

7

shall be collected and paid in accordance with this court's order to the Federal Correctional Institution filed concurrently herewith.

    3. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

    1. Plaintiff's complaint be dismissed without leave to amend and this case be closed.

    2. Plaintiff's motion for a temporary restraining order[3] (ECF No. 4) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2019

                                               CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE

12/head1663.f&r.docx

---

[3] Plaintiff's motion seeks "to compel the defendant's preservation of evidence until the disposition of the complaint." ECF No. 4-1 at 2.