1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES HEAD,                                No.  2:19-cv-01663-TLN-CKD

12                  Plaintiff,

13          v.                                    **ORDER**

14   COUNTY OF SACRAMENTO, et al.,

15                  Defendants.

16

17          Charles Head ("Plaintiff"), a federal prisoner proceeding *pro se*, brings this civil rights

18   action pursuant to 42 U.S.C. § 1983 and an action under 18 U.S.C. § 2520 ("§ 2520") for

19   violations of 18 U.S.C. § 2511 ("Title III" or "Wiretap Act") against the County of Sacramento

20   (the "County") and Kenneth Shelton ("Shelton") (collectively, "Defendants").[1]  The matter was

21   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

22   302.

23          On December 16, 2019, the magistrate judge filed findings and recommendations which

24   were served on all parties and which contained notice to all parties that any objections to the

25   findings and recommendations were to be filed within fourteen days.  (ECF No. 13.)  The

26   magistrate judge screened the Complaint and recommended through the Findings and

27   _____

28   [1]      Plaintiff asserts "Ms. Endrizzi has not been named as a defendant in the complaint."  (ECF No. 16 at 18.)

                                                    1

Recommendations that the matter be dismissed without leave to amend because: the Sixth Amendment claim based on a violation of attorney-client privilege was barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); the Fourteenth Amendment claim for "deliberate indifference" failed as a matter of law because the deliberate indifference standard set forth by the Eight Amendment — and as imputed to the Fourteenth when regarding a pre-trial detainee — did not apply to the search and seizure of any attorney-client communications; Plaintiff's retaliation claim was time-barred; Plaintiff could not state a claim for conspiracy to violate civil rights under federal law because he failed to state any freestanding claim of a constitutional violation; and any claims against the prosecutor, Ellen Endrizzi ("Endrizzi"), were barred by prosecutorial immunity.  (*See* ECF No. 13.)  The Findings and Recommendations also recommended denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) as moot.  Plaintiff filed objections to the findings and recommendations (ECF No. 16) and the County filed a response (ECF No. 18).

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, and good cause appearing, the Court finds that it is appropriate to adopt in part and reject in part the Findings and Recommendations for the reasons stated herein.  In Plaintiff's objections, he correctly argues that the Findings and Recommendations neglects to address Plaintiff's claim under 18 U.S.C. §§ 2511 and 2520.  The Court will address that cause of action and the Motion for Temporary Restraining Order here.

/ / /

/ / /

1    **I.    PLAINTIFF'S § 2520 CLAIM**

2         A.  Factual Background

3         Plaintiff alleges that while he was in custody in 2009, his attorney-client privileged

4    telephone conversations were recorded and unlawfully distributed by Shelton to Endrizzi, the

5    prosecutor on Plaintiff's criminal case.  (ECF No. 1 at 4.)  Plaintiff asserts these recordings were

6    used to his detriment and "injured plaintiff in regards to his criminal defense."  (ECF No. 1 at 5–

7    6.)  Plaintiff further alleges he only learned of Shelton's delivery of Plaintiff's attorney-client

8    privileged phone call records to Endrizzi as a result of a response to his requests for information

9    pursuant to 5 U.S.C. § 552 in 2019.

10        B.  Standard of Law

11        28 U.S.C. § 1915A(a) requires courts to screen complaints brought by prisoners seeking

12   relief against a governmental entity or officer or employee of a governmental entity.  Courts are

13   to dismiss the complaint, or any part of the complaint if it "is frivolous, malicious, or fails to state

14   a claim upon which relief may be granted."  28 U.S.C. § 1915A9(b)(1).  In order to avoid

15   dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

16   face."  *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  A pleading is insufficient if it

17   offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the

19   elements of a cause of action, supported by mere conclusory statements, do not suffice.").

20        However, a court must give the plaintiff the benefit of every reasonable inference to be

21   drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v.

22   Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond

23   those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550

24   U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

25   the court to draw the reasonable inference that the defendant is liable for the misconduct

26   alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

27   / / /

28   / / /

3

C. <u>Analysis</u>

The Wiretap Act makes it unlawful to intercept any wire, oral, or electronic communication except as specified in that section. 18 U.S.C. § 2511. Further, § 2520 creates a private cause of action for individuals who are victims of an unlawful wiretap and imposes statutory damages. 18 U.S.C. § 2520. Section 2520(g) specifies that "[a]ny willful disclosure or use by an investigative or law enforcement officer or governmental entity of information beyond the extent permitted by section 2517 is a violation of this chapter for purposes of section 2520(a)."

Based on the facts alleged, Plaintiff's § 2520 claim is barred, in part, by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), insofar as he is attempting to invalidate his underlying conviction. *See Apampa v. Layng*, 157 F.3d 1103, 1105 (7th Cir. 1998) (finding *Heck* "fully applicable to Title III"). Under *Heck*, a plaintiff cannot bring a cause of action for damages that would necessarily render a conviction or sentence invalid without first proving that the conviction had been invalidated. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Therefore, Plaintiff cannot bring an action under § 2520 if that action would invalidate his federal conviction. However, *Heck* allows an action to proceed if the action will not "*necessarily* imply that the plaintiff's conviction was unlawful" and the plaintiff alleges he suffered "actual, compensable injury" which does not include the "'injury' of being convicted and imprisoned." *Heck*, 512 U.S. at 487 n.7; *Trimble*, 49 F.3d at 585; *see Apampa*, 157 F.3d at 1105. Here, it is plausible that, even if the attorney-client privileged communications were not used at Plaintiff's trial, his conviction would not be invalidated given the presence of other evidence. *See Apampa v. Layng*, 157 F.3d at 1105. Additionally, because § 2520 provides statutory civil damages for violations of the Wiretap Act, Plaintiff is able to allege "actual, compensable injury" other than his conviction and sentence. *Trimble*, 49 F.3d at 585 (quoting *Heck*, 512 U.S. at 487 n.7). Therefore, because Plaintiff can recover monetary damages under this statute and because the resolution of his claim would not necessarily invalidate his underlying conviction, Plaintiff may bring a § 2520 claim.

/ / /

1    Next, the Court must determine if any of the named Defendants are immune to suit under

2  this statute.  The Court first considers whether the County is potentially liable.  Courts are split as

3  to whether a municipality can be subject to a § 2520 suit.  *Compare Adams v. City of Battle

4  Creek*, 250 F.3d 980, 985–86 (6th Cir. 2001) (holding that municipalities are generally amenable

5  to suit under § 2520), *with Seitz v. City of Elgin*, 719 F.3d 654, 657–58 (7th Cir. 2013) (holding

6  municipalities cannot be sued under § 2520)).  This court finds the Seventh Circuit's analysis

7  persuasive and follows the Central District Court of California in adopting *Seitz's* holding.  *See

8  Federated Univ. Police Officers' Ass'n v. Regents of Univ. of California*, No. SACV 15-00137-

9  JLS-, 2015 WL 13273308, at *8 (C.D. Cal. July 29, 2015).  Therefore, the County cannot be

10  included in Plaintiff's § 2520 suit and this cause of action is dismissed as to the County without

11  leave to amend.

12    Regarding Shelton's liability, Plaintiff alleges Shelton "unlawfully provid[ed] Endrizzi

13  with plaintiff's attorney-client privileged communications including records of plaintiff's

14  recorded jail calls."  (ECF No. 1 at 4.)  The Wiretap Act prohibits the interception and disclosure

15  of wire, oral, or electronic communications, 18 U.S.C. §§ 2511(a) and 2511(c), and is generally

16  accepted to apply to prisons and jails.  *See, e.g., United States v. Van Poyck*, 77 F.3d 285, 291

17  (9th Cir. 1996); *United States v. Feekes*, 879 F.2d 1562, 1565 (7th Cir. 1989); *United States v.

18  Amen*, 831 F.2d 373, 378 (2d Cir. 1987).  Additionally, federal regulations prohibit officers from

19  recording meetings between attorneys and prison inmates except under narrow circumstances that

20  do not appear in the factual allegations herein.  *See* 28 C.F.R. §§ 543.13(e), 501.3(d).  Here,

21  Plaintiff claims his calls were recorded while he was in custody and Shelton disclosed his

22  attorney-client privileged phone calls to Endrizzi.  As the Wiretap Act expressly prohibits such

23  actions, it is plausible that Shelton could be found liable based on the alleged facts.  18 U.S.C. §

24  2511(1)(c); § 2520(g); *see Conner v. Tate*, 130 F. Supp. 2d 1370, 1379 (N.D. Ga. 2001).

25  Therefore, Plaintiff has stated a claim under § 2520 against Shelton.

26    Accordingly, the Findings and Recommendations are rejected to the extent that it

27  recommends the dismissal of the case in its entirety.

28  / / /

5

## II.   MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff moves the Court to impose a temporary restraining order and preliminary injunction compelling Defendants to preserve evidence pending the "disposition of the complaint." (ECF No. 4 at 4.)  "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).  Should a party violate this duty, the Court has the power to impose sanctions.  Fed. R. Civ. P. 37(b)(2)(A).  However, an additional order requiring the preservation of evidence may be appropriate considering: "(1) concerns for the continuing existence and maintenance of the integrity of the evidence in question; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved." *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, No. 2:20-CV-00235-KJM-DB, 2020 WL 1234551, at *9 (E.D. Cal. Mar. 13, 2020) (internal citations and quotations omitted).

Here, Plaintiff asserts that Defendants may destroy electronically stored records "pursuant to custom or policy upon service of other notification of plaintiff's complaint." (ECF No. 4-2 at 3.)  However, Rule 37(e) requires parties to ensure electronically stored information is preserved and allows the Court to impose significant sanctions if that information is lost.  Plaintiff has not provided information regarding the factors described above that would necessitate a further order requiring the preservation of evidence.  As such, Plaintiff's Motion for Temporary Restraining Order is DENIED.

## III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations filed December 16, 2019 (ECF No. 13), are adopted in part and rejected in part as follows:

      a.  Plaintiff's Sixth Amendment claim based on a violation of attorney-client privilege, Fourteenth Amendment claim for "deliberate indifference", retaliation

claim, and claim for conspiracy to violate civil rights under federal law are

DISMISSED without leave to amend;

b. Plaintiff's claim against the County pursuant to 18 U.S.C. § 2520 is

DISMISSED without leave to amend;

c. Plaintiff's suit may proceed on his claim against Shelton pursuant to 18 U.S.C.

§ 2520; and

d. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

is DENIED.

IT IS SO ORDERED.

DATED:  June 22, 2020

Troy L. Nunley
United States District Judge