UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-1663 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

　　　Plaintiff is a federal prisoner, proceeding without counsel, with this civil action under 18 U.S.C. § 2520 for violations of 18 U.S.C. § 2511 ("Title III" or "Wiretap Act") against defendant Shelton.

　　　On September 18, 2020, defendant Shelton filed a motion to dismiss on the grounds that this action is barred by the statute of limitations. (ECF No. 29.) On October 15, 2020, plaintiff filed a first amended complaint. (ECF No. 39.) On October 29, 2020, defendant Shelton filed a motion requesting that the court screen the first amended complaint. (ECF No. 40.)

　　　Good cause appearing, defendant's request that the court screen the first amended complaint is granted. Defendant's motion to dismiss is vacated. The undersigned herein screens plaintiff's first amended complaint.

////

1

Background

On December 16, 2019, Magistrate Judge Delaney recommended that plaintiff's complaint be dismissed.[1] (ECF No. 13.) Magistrate Judge Delaney found that plaintiff's claim alleging that defendants Shelton and Endrizzi violated his Sixth Amendment right to attorney-client privilege was not cognizable via a § 1983 action. (Id.) Magistrate Judge Delaney also found that defendant Endrizzi was immune from suit. (Id.) Magistrate Judge Delaney found that plaintiff's claim alleging retaliation based on cell searches in 2009 was clearly time-barred. (Id.)

On June 23, 2020, the Honorable Troy L. Nunley adopted the December 16, 2019 findings and recommendations recommending dismissal of plaintiff's claims alleging violation of his constitutional rights by defendant Shelton. (ECF No. 19.) However, Judge Nunley observed that in his objections, plaintiff claimed that Ms. Endrizzi had not been named as a defendant. (Id. at 1 n. 1.) Therefore, Judge Nunley's order did not address the December 16, 2019 findings and recommendations to the extent they recommended dismissal of the claims against defendant Endrizzi.

In his June 23, 2020 order, Judge Nunley found that plaintiff's complaint stated a potentially colorable claim under 18 U.S.C. § 2520 for violations of 18 U.S.C. § 2511 ("Wiretap Act") against defendant Shelton. (Id. at 5.) Judge Nunley also found that to the extent plaintiff alleged a violation of the Wiretap Act by Sacramento County, Sacramento County was immune from suit. (Id. at 6.)

On July 17, 2020, Magistrate Judge Delaney ordered the U.S. Marshal to serve the complaint on defendant Shelton. (ECF No. 24.)

Claims in First Amended Complaint

Named as defendants in the first amended complaint are Sacramento County, Assistant United States Attorney Endrizzi, Sacramento County Jail and Sacramento County Deputy Sheriff Shelton. (ECF No. 39 at 1.)

////

---

[1] On October 15, 2020, Magistrate Judge Delaney disqualified herself from participating in this case. (ECF No. 37.)

Plaintiff alleges that defendant Shelton provided defendant Endrizzi with recordings of privileged telephone calls between plaintiff and his lawyer while plaintiff was housed at the Sacramento County Jail during criminal proceedings. (Id.) Plaintiff also alleges that defendant Shelton gave defendant Endrizzi written correspondences between plaintiff and his lawyer, as well as other documents belonging to plaintiff. (Id.) Plaintiff alleges that the purpose of these disclosures was to give defendant Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials held in the United State District Court for the Eastern District of California. (Id. at 2.)

Plaintiff alleges that in retaliation for plaintiff's complaint alleging that his mail was tampered with, defendant Shelton conducted retaliatory cell searches. (Id. at 7-8.) Plaintiff alleges that during these retaliatory cell searches, defendant Shelton confiscated and read plaintiff's legal and personal mail, legal notes, journals and other papers. (Id. at 8.) Plaintiff alleges that defendant Shelton provided these documents to defendant Endrizzi. (Id.)

As legal claims, plaintiff alleges that defendants Endrizzi and Shelton conspired to violate his rights under the First and Fourth Amendment. (Id. at 2.) Plaintiff alleges that defendant Shelton and defendant Sacramento County Jail violated the Wiretap Act. (Id. at 16-18.) Plaintiff alleges that defendant Endrizzi violated the Stored Communications Act, 18 U.S.C. § 2703(a), and the Wiretap Act. (Id. at 16-17.) In particular, plaintiff alleges that defendant Endrizzi violated the Stored Communications Act by failing to obtain a warrant to search, utilize or review the privileged telephone conversations between plaintiff and his lawyer. (Id.) Plaintiff alleges that defendants Endrizzi and Shelton violated the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code §§ 630, et seq.) and plaintiff's privacy under the California Constitution. (Id. at 20.)

Discussion

*Potentially Colorable Claims*

Plaintiff's claim that defendants Shelton and Endrizzi violated the Wiretap Act states a potentially colorable claim for relief. Plaintiff's claim that defendant Endrizzi violated the Stored Communications Act also states a potentially colorable claim for relief.

1      For the following reasons, the undersigned cannot determine, at this time, whether
2   defendant Endrizzi is entitled to absolute immunity with respect to these claims.  See Lanier v.
3   Bryant, 332 F.3d 999, 1005 (7th Cir. 2003) (finding prosecutor's entitled to absolute immunity
4   for alleged violation of Wiretap Act).
5      "Federal prosecutors are entitled to absolute immunity if their actions are related to
6   prosecutorial functions."  Id.
7      "Prosecutors are absolutely immune from liability for gathering additional evidence after
8   probable cause is established or criminal proceedings have begun when they are performing a
9   quasi-judicial function."  Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003).  "However, even
10  after the initiation of criminal proceedings, a prosecutor may receive only qualified immunity
11  when acting in a capacity that is exclusively investigatory or administrative."  Id. at 1031 (citing
12  Buckley v. Fitzsimmons, 509 U.S. 259, 274 n. 5 (1993)).
13     Based on the allegations in the complaint, the undersigned cannot determine at this time
14  whether defendant Endrizzi is entitled to absolute immunity (or qualified immunity) based on her
15  alleged receipt of recordings of telephone calls between plaintiff and his lawyer from defendant
16  Shelton.  Accordingly, the court separately orders service of defendant Endrizzi as to plaintiff's
17  claims alleging violation of the Wiretap Act and the Stored Communications Act.
18     Plaintiff also alleges that defendants Endrizzi and Shelton conspired to violate the
19  California Invasion of Privacy Act, although he does not identify the section of this law
20  defendants allegedly violated.
21     California Penal Code § 637 criminalizes willful disclosure of telephonic communications
22  by persons who are not parties to the communication without permission.[2]  The undersigned finds
23  that plaintiff has stated a potentially colorable claim against defendants Endrizzi and Shelton for
24  allegedly violating California Penal Code § 637.[3]

---

[2] California Penal code § 637.2 provides a private right of action for violation of chapter 1.5 of the Penal Code (Invasion of Privacy).

[3] California Government Code Section 821.6 provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  The

4

Plaintiff alleges that defendants Endrizzi and Shelton violated his right to privacy under the California Constitution, apparently based on the claim that defendant Shelton shared with defendant Endrizzi recordings of plaintiff's telephone calls with his lawyer and other written documents he confiscated from plaintiff. Plaintiff has stated a potentially colorable claim for violation of his right to privacy under the California Constitution against defendants Shelton and Endrizzi.[4]

*Claims Not Potentially Colorable*

In the amended complaint, plaintiff alleges that defendant Sacramento County Jail violated the Wiretap Act. As discussed above, on June 23, 2020, Judge Nunley found that defendant Sacramento County was immune from suit with respect to plaintiff's Wiretap Act claim. (ECF No. 19.) Although plaintiff alleges that defendant Sacramento County Jail violated the Wiretap Act, plaintiff's claim is really brought against Sacramento County. Accordingly, plaintiff's claim that defendant Sacramento County Jail violated the Wiretap Act is barred by the law of the case doctrine. See Gonzales v. Arizona, 677 F.3d 383, n.4 (9th Cir. 2012) ("Under the law of the case doctrine, a court will generally refuse to consider an issue that has already been decided by the same court or a higher court in the same case.")

Plaintiff alleges that defendants Endrizzi and Shelton conspired to violate his Fourth Amendment rights. The grounds of this claim appear to be that defendant Shelton searched plaintiff's cell in order to obtain information relevant to plaintiff's criminal case and then provide it to defendant Endrizzi.

It is well-established that inmates do not have any Fourth Amendment claim with respect to cell searches. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984) (society is not prepared to

---

undersigned cannot determine, at this time, whether defendants are immune from suit as to plaintiff's claim alleging violation of the California Privacy Act pursuant to § 821.6. See Whitaker v. Garcetti, 291 F.Supp.2d 1132, 1155 (C.D. Cal. Nov. 17, 2003), rev'd on other grounds, 486 F.3d 572 (9th Cir. 2007) ("[S]ection 821.6 immunity does not apply to a given sphere of conduct if a particular statute generates governmental liability within that sphere.")

[4] The undersigned cannot determine, at this time, whether defendants are entitled to immunity pursuant to California Government Code § 821.6 as to plaintiff's claim alleging violation of his right to privacy under the California Constitution.

1 recognize as legitimate any subjective expectation of privacy that a prisoner might have in his
2 prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable
3 searches does not apply within the confines of the prison cell."). Accordingly, plaintiff's Fourth
4 Amendment claim against defendants Endrizzi and Shelton should be dismissed.

5 Plaintiff alleges that defendants Endrizzi and Shelton conspired to violate his First
6 Amendment rights. While plaintiff alleges that defendant Shelton violated the First Amendment
7 by conducting retaliatory cell searches in response to plaintiff's grievances, plaintiff does not link
8 defendant Endrizzi to this alleged retaliation. Accordingly, the undersigned finds that plaintiff
9 has not stated a potentially colorable First Amendment claim against defendant Endrizzi based on
10 the alleged retaliatory searches by defendant Shelton.

11 Judge Nunley dismissed the retaliation claim made against defendant Shelton in the
12 original complaint as time-barred. Plaintiff has re-plead his retaliation claim in the amended
13 complaint. Therefore, plaintiff's retaliation claim alleged in the amended complaint against
14 defendant Shelton is barred by the law-of-the case doctrine. See Gonzales v. Arizona, 677 F.3d
15 383, n.4 (9th Cir. 2012) ("Under the law of the case doctrine, a court will generally refuse to
16 consider an issue that has already been decided by the same court or a higher court in the same
17 case.").[5]

18 Plaintiff may be claiming that the confiscation of his legal documents violated his First
19 Amendment right to access the courts. "The destruction or confiscation of legal work, documents
20 or mail may state a claim for denial of access to the courts if plaintiff can establish actual injury to
21 court access." Dunn v. U.S. Marshalls, 1995 WL 449058, at *1 (N.D. Cal. July 20, 1995) (citing
22 Morello v. James, 810 F.2d 344, 346-48 (2d Cir. 1987); cf. Jenkins v. McMikens, 618 F. Supp.
23 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging merely that "certain documents pertaining to
24 plaintiff's then-pending trial were confiscated and not returned" too conclusory to support claim
25 of denial of access to court.)) "For a criminal defendant, however, the offer of court-appointed

---

[5] The retaliation claim against defendant Endrizzi alleged in the amended complaint is likely time-barred for the same reasons the retaliation claim against defendant Shelton is time-barred. However, the undersigned need not reach this issue because plaintiff has not stated a potentially colorable retaliation claim against defendant Endrizzi.

6

counsel satisfies the government's obligation to provide meaningful access to the courts." Id. (citing United States v. Wilson, 690 F.2d 1267, 1272 (9th Cir. 1982).)

In the amended complaint, plaintiff alleges that he was represented by attorney Scott Tedmon in his criminal case at the time his documents were allegedly confiscated. (ECF No. 39 at 2.) The docket in plaintiff's criminal case, 2: 08-cr-93, indicates that Mr. Tedmon was appointed to represent plaintiff. (See 2: 08-cr-93 (ECF No. 33, 36.) Because plaintiff had counsel in his criminal case, plaintiff has not stated a potentially colorable claim for violation of his First Amendment right to access the courts based on the alleged confiscation of his legal property. See also Terwilleger v. Washington, 2018 WL 6331621, at *4 (W.D. Wash. Oct. 30, 2018) ("Thus, because Plaintiff was represented by counsel in his underlying criminal case, Plaintiff cannot show he received inadequate access to the courts.").

*Conclusion*

For the reasons discussed above, defendant Shelton is ordered to file a response to the plaintiff's claims in the amended complaint alleging violations of the Wiretap Act, California Invasion of Privacy Act, i.e., California Penal Code § 637, and the right to privacy in the California Constitution.

The undersigned separately orders service of defendant Endrizzi as to plaintiff's claim alleging violation of the Wiretap Act, Stored Communication Act, California Invasion of Privacy Act, i.e., § 637, and the right to privacy in the California Constitution.

For the reasons discussed above, the undersigned recommends dismissal of the following claims in plaintiff's first amended complaint:  1) alleged violations of the First and Fourth Amendments by defendants Endrizzi and Shelton; and 2) alleged violations of the Wiretap Act by defendants Sacramento County Jail and Sacramento County.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Shelton's request that the court screen the amended complaint (ECF No. 40) is granted;
2. Defendant Shelton's motion to dismiss (ECF No. 29) is vacated;
3. Within thirty days of the date of this order, defendant Shelton shall file a response to

7

plaintiff's claims in the amended complaint alleging violation of the Wiretap Act, the California Invasion of Privacy Act, i.e., California Penal Code § 637 and the right to privacy in the California Constitution; and

IT IS HEREBY RECOMMENDED that the following claims raised in the amended complaint be dismissed:   1) alleged violation of the Wiretap Act by defendants Sacramento County and Sacramento County Jail; and 2) alleged violations of the First and Fourth Amendments by defendants Endrizzi and Shelton.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 28, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.ame