UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding without counsel, with this civil action. The instant order addresses defendant Shelton's motion to stay discovery (ECF No. 41) and plaintiff's motion for appointment of counsel (ECF No. 43.)

Defendant's Motion to Stay Discovery

Defendant moves to stay discovery pending the court's order screening the amended complaint and the resolution of any motions brought pursuant to Rule 12 if the court orders service of any claims in the amended complaint.

*Legal Standard*

A party may seek a protective order that stays discovery pending resolution of a dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21(b)(6). Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal

1

1  Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a
2  party or person from annoyance, embarrassment, oppression, or undue burden or expense,"
3  including forbidding discovery.  Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order
4  has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from
5  the discovery."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).
6      "[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of
7  discovery when a potentially dispositive motion is pending."  Mlejnecky v. Olympus Imaging
8  Am. Inc., 2011 WL 489743, at *6 (E.D. Cal. 2011).  District courts do not favor blanket stays of
9  discovery because "delaying or prolonging discovery can create unnecessary litigation expenses
10 and case management problems."  Salazar v. Honest Tea, Inc., 2015 WL 6537813, at *1 (E.D.
11 Cal. 2015) (citing Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.
12 1988)).  When evaluating a motion to stay, district courts "inevitably must balance the harm
13 produced by a delay in discovery against the possibility that the motion will be granted and
14 entirely eliminate the need for such discovery."  Simpson, 121 F.R.D. at 263.
15     District courts in the Ninth Circuit often apply a two-pronged test to decide whether to
16 stay discovery.  Mlejnecky, 2011 WL 4889743, at *6; Seven Springs Ltd. P'ship v. Fox Capital
17 Mgmt. Corp., 2007 WL 1146607, at *1 (E.D. Cal. 2007).  The first prong requires that the
18 pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at
19 which discovery is aimed."  Id.  The second prong requires the court to "determine whether the
20 pending, potentially dispositive motion can be decided absent additional discovery."  Id.  If either
21 prong is not met, discovery should proceed.  Id.
22     *Analysis*
23     On September 18, 2020, defendant filed a motion to dismiss plaintiff's original complaint.
24 (ECF No. 29.)  On October 15, 2020, plaintiff filed an amended complaint.  (ECF No. 39.)  On
25 October 29, 2020, defendant filed a request for the court to screen plaintiff's amended complaint.
26 (ECF No. 40.)
27     On December 28, 2020, the undersigned issued an order and findings and
28 recommendations screening the amended complaint.  (ECF No. 50.)  The undersigned ordered

defendant Shelton to file a response, within thirty days, to plaintiff's claims alleging violations of the Wiretap Act, the California Invasion of Privacy Act and the right to privacy in the California Constitution. (Id.) The undersigned also vacated defendant's motion to dismiss the original complaint. (Id.)

In the pending motion, defendant requests that the court stay discovery pending the court's order screening the amended complaint and the resolution of any motions brought pursuant to Rule 12 if the court orders service of any claims in the amended complaint. (ECF No. 41.)

While no motion to dismiss is pending, the undersigned finds good cause to stay discovery pending defendant Shelton's response to the amended complaint. Defendant Shelton represents that he intends to file a motion to dismiss which will be dispositive of this action. Requiring defendant Shelton to respond to plaintiff's discovery requests, based on these circumstances, would be burdensome to defendant and will not prejudice plaintiff.

However, discovery is stayed only until defendant Shelton files a motion to dismiss the amended complaint. Defendant Shelton may file a renewed request to stay discovery, based on the legal standards set forth above, if he files a motion to dismiss the amended complaint. If defendant Shelton files an answer to the amended complaint, the undersigned will order the stay of discovery lifted.

Because discovery is stayed, plaintiff's motions to compel (ECF Nos. 28, 42, 46) are vacated without prejudice to their reinstatement when the stay of discovery is lifted.

Plaintiff's Motion for Appointment of Counsel

On November 3, 2020, plaintiff filed a motion for appointment of counsel. (ECF No. 43.)

There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." Id.; see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the

plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" <u>Agyeman</u>, 390 F.3d at 1103 (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The undersigned finds that plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel. Accordingly, plaintiff's motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay (ECF No. 41) is granted in part; discovery is stayed pending the filing of a motion to dismiss the amended complaint;
2. Plaintiff's motions to compel (ECF Nos. 28, 42, 46) are vacated;
3. Plaintiff's motion for appointment of counsel (ECF No. 43) is denied.

Dated: December 29, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.ord(2)