LONGYEAR & LAVRA, LLP
Van Longyear, CSB No.: 84189
Nicole M. Cahill, CSB No.: 287165
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorneys for Defendant,
Deputy Shelton

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| CHARLES HEAD, <br><br> PLAINTIFF, <br><br> V. <br><br> COUNTY OF SACRAMENTO, ET AL. <br><br> DEFENDANTS. | Case No.: 2:19-CV-01663-CKD <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

### I.   INTRODUCTION

Plaintiff filed his original complaint in this action on August 26, 2019. (ECF 1.) Plaintiff alleged that in 2009, while he was housed at the Sacramento County Main Jail, his attorney-client correspondence was opened and his telephone conversations with his attorneys were recorded and used in his criminal trial to his detriment. (ECF 1 at 4-5.) Plaintiff since has filed an amended complaint (ECF 39) alleging claims premised on the same underlying conduct. Because Plaintiff had a reasonable opportunity to discovery these supposed violations ten years ago, his claim for a violation of the Federal Wiretap Act, is barred by the applicable statute of limitations. Further,

Plaintiff has failed to allege compliance with the California Tort Claims Act for his state law claims. Therefore, his Complaint should be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

Plaintiff's Complaint in this case was filed on August 26, 2019. (ECF 1.) As no screening order had been issued, on October 8, 2019, Defendant County of Sacramento filed a request for screening pursuant to 28 U.S.C. § 1915A. (ECF 12.) On December 16, 2019, Judge Delaney screened Plaintiff's Complaint and recommended the Court dismiss Plaintiff's Complaint without leave to amend. (ECF 13.) However, on June 23, 2020, Judge Nunley found that Plaintiff's claim premised on 18 U.S.C. §§ 2511 and 2520, the Wiretap Act, should proceed as to Defendant Shelton. (ECF 19.) On September 18, 2020 Defendant Shelton filed a motion to dismiss Plaintiff's Complaint on the grounds that it was barred by the applicable statute of limitation. (ECF 29.) Though Plaintiff sought extra time to respond to the motion to dismiss on October 6, 2020, Plaintiff ultimately filed an amended complaint on October 15, 2020. (ECFs 33, 39.) On October 29, 2020, Defendant Shelton requested the Court screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. (ECF 40.) In addition, due to several motions to compel filed by the Plaintiff and the lack of an operative complaint, Defendant Shelton filed a motion to stay discovery on October 30, 2020. (ECF 41.)

On December 28, 2020, the Court screened Plaintiff's amended complaint. (ECF 50.) The Court found potentially colorable Plaintiff's claims against Defendant Shelton for a violation of the Federal Wiretap Act, the California Invasion of Privacy Act (California Penal Code § 637), and a violation of right to privacy under the California Constitution. (ECF 50 at p. 3-5.) The Court also found cognizable claims against Defendant Endrizzi and ordered her to be served. (ECF 50 at p. 4.) By separate order, the Court also granted Defendant's request to stay discovery until the filing of a motion to dismiss, with the option to refile the request to stay upon the filing of a motion to dismiss. (ECF 52.)

///

///

B.     **Factual Background and Plaintiff's Allegations**

On February 28, 2008, a sealed indictment against Plaintiff was filed by the U.S. Attorney's Office in the Eastern District of California, Case Nos. 2:08-cr-00093; 2:08-cr-00116. (Defendant's Request for Judicial Notice ("RFJN") Exhibits 1, 2 at Docket 1.) As a result, in 2009 Plaintiff was incarcerated in the Sacramento County Jail as a pre-trial detianee. (ECF 39 at p. 4.) On May 26, 2009, Plaintiff filed a motion to suppress evidence purportedly derived from tampering with Plaintiff's mail. (RFJN Exhibit 3.) In the motion, Plaintiff stated that he believed the jail was reading his mail and providing information to the prosecution. (RFJN Exhibit 3 at p. 3-4.) Plaintiff alleges in his amended complaint that around the same time, in 2009, he submitted grievances complaining that his "jail call recordings" were being turned over. (ECF 39 at pp. 8-9.)

On August 6, 2009, Plaintiff filed a motion for bail review in his criminal matter. (RFJN Exhibit 4.) The United States filed an opposition, and in doing so included various letter correspondence for purposes of providing evidence to the court of Plaintiff's in-custody behavior that would demonstrate he was not likely to follow conditions of release. (RFJN Ex. 5.) The letters, purportedly addressed to "attorneys," were in fact non-legal mail improperly marked as "legal mail." (*See* RFJN Exhibit 5 at fn.1.) Indeed, the Opposition references a letter to "Attorney H. Ko, Esq.," but states the individual to whom the letter was addressed was not actually an attorney. (RFJN Exhibit 5 at fn. 1.) Importantly, the Opposition states "[m]oreover, jail call recordings indicate that their relationship is intimate, rather than professional." (RFJN Exhibit 5 at fn. 1, emphasis added.) This filing by the United States in 2009 clearly informed Plaintiff that the prosecution was in possession of recorded phone calls made to individuals he claimed to be attorneys. Plaintiff clearly demonstrated he understood his calls were subject to recording and monitoring. In the letters attached as exhibits by the U.S. Attorney, Plaintiff writes: "[i]n case you are wondering everything we are doing is 100% legal; so much that we are going to transact business on the monitored jailhouse telephones." (RFJN Exhibit 7 at p. 7-8.) In another letter from 2009, Plaintiff also cautions "Shayna" that "I will call you but it's important than you do not mention anything about the things in this letter other than when or if you are coming to visit me." (RFJN Exhibit 6 at p. 18.)

Plaintiff's criminal matter was tried to a jury in May of 2013.  (RFJN Exhibit 1 at entries 720-773.)  Presumably, if evidence consisting of recorded phone calls between him and his so-called attorneys was used against Plaintiff during his criminal trial, Plaintiff would have been aware of it at the time of the trial.  In fact, Plaintiff states in his amended complaint: ". . . the basis for the exchange of said material was to give Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials held in the Eastern District of California." (ECF 39 at p.2.)  On May 30, 2013, the jury found Plaintiff guilty of 5 counts of mail fraud and one count of conspiracy to commit mail fraud.  (RFJN Exhibit 8.)  In a related criminal matter, Plaintiff was found guilty by jury trial on December 2, 2013.  (RFJN Exhibit 9.)  On December 14, 2014, Plaintiff and the United States of America agreed that the total restitution owed as a result of Plaintiff's criminal cases totaled $17,097,950.47.  (RFJN Exhibit 10.)  Plaintiff's conviction was affirmed by the Ninth Circuit Court of Appeals on June 27, 2017.  (RFJN Exhibit 11.)

III.    **ARGUMENT**

  A.    **Legal Standard**

Rule 12(b) of the Federal Rules of Civil Procedure provides in part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
>
> (6)  failure to state a claim upon which relief can be granted.
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, the court considers the legal sufficiency of the plaintiff's statement of the claim.  The court accepts as true all material allegations in the complaint.  *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Dismissal of a complaint is proper on a Rule 12(b)(6) where it is clear that there is no set of facts that could give rise to relief.  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).  Moreover, a Rule 12(b)(6) motion may be utilized when the allegations in the complaint reveal on their face a complete bar to recovery or absolute defense.  *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

/ / /

### B.     Plaintiff's Wiretap Act Claim is Time Barred

The Wiretap Act requires any civil suit to be brought within two years from the date the claimant "first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520 (e). "In other words, the statute bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts." *Bliss v. CoreCivic, Inc.*, 2019 U.S. Dist. LEXIS 80875, at *4 (D. Nev. May 13, 2019) (quoting *Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, (D.C. Cir. 2002)). In *Bliss*, the attorney-plaintiff discovered that the defendant, CoreCivic, was recording conversations with her inmate-clients at the Nevada Southern Detention Center. *Bliss*, 2019 U.S. Dist. LEXIS 80875 at *1-2. The court found the plaintiff's claim under the Wiretap Act was time-barred. In so doing, the court noted that it is not actual discovery that starts the clock on the limitation period in § 2520. Indeed, "'there is no need that someone actually 'discover' or be aware of the violation. Rather, the question is whether the person had a *reasonable opportunity* to discover the wiretapping.'" *Id.* (quoting *Sparshott*, 311 F.3d at 429) (emphasis in original). As the *Sparshott* court noted, "knowledge of one set of incidents, even if somewhat different in nature or purpose from later ones . . . can provide a 'reasonable opportunity to discover' later violations; the question is what a reasonable investigation of the known episodes would yield." *Sparshott*, 311 F.3d at 430. Though the Ninth Circuit reversed *Bliss* in part, finding that the statute of limitations was triggered anew for each call recorded, they left intact the basis for the statute of limitations to run from the time "she first had a reasonable opportunity to discover that such calls were recorded." *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144, 1149 (9th Cir. 2020).

Here, the Plaintiff knew as early as 2009 – when he was still in the jail – that his calls with his supposed attorneys had been recorded. The letters filed by the US Attorney during the course of Plaintiff's criminal proceedings make clear two important pieces of information: (1) Plaintiff knew his phone calls were subject to recording and monitoring; and (2) Plaintiff was informed that the prosecution was in possession of recorded conversations between Plaintiff and his purported attorney. (*See* RFJN Ex. 5 at fn 1.) This document served to put Plaintiff on notice that the US Attorneys' office obtained calls between him and his alleged attorneys from the jail

as early as August 12, 2009.  (*See* RFJN Ex. 5.)  At this point, Plaintiff was presented with a reasonable opportunity to discover any supposedly inappropriate monitoring and recording of his phone calls to his attorneys.

Moreover, Plaintiff alleges that he was injured and harmed as a result of U.S. Attorney Ellen Endrizzi's use of the phone calls. (ECF 39.)  Presumably, Plaintiff was harmed by the use of these recordings during his criminal trials.  Plaintiff certainly would have been on notice of alleged violations of the Wiretap Act if the recordings or information contained in them were used in his criminal trial.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 fn. 1 (9th Cir. 1995) (plaintiff had a "reasonable opportunity to discover the taped conversations when it was admitted at his trial, which ended more than two years before he filed suit").  Plaintiffs two criminal trials ended in 2013, roughly seven years before Plaintiff filed the instant suit.  Thus, any evidence pertaining to the recorded phone calls would have been admitted prior to the end of 2013.  Because Plaintiff did not bring the instant suit until 2019, his claims are time barred even if he discovered the existence of the recordings during his criminal trial in 2013.

Plaintiff had a reasonable opportunity over the nearly ten years to discover any alleged violations of the Wiretap Act when the U.S. Attorney informed him in a court filing that they were listening to the calls with his supposed attorneys.  The clock on Plaintiff's statute of limitations started running on the day this was filed – August 12, 2009.  Plaintiff did not file the instant suit until August 26, 2019 over *ten years* later.  In between, Plaintiff had ample opportunity to discover alleged facts that give rise to his claims here.  Even if the close of Plaintiff's criminal trial is used as when the metaphorical clock starts, Plaintiff is still four years late.  For these reason, Plaintiff's Wiretap Act claim is time barred.

        **C.**      **Plaintiff's State Law Claims Should be Dismissed for Failure to Comply with the California Tort Claims Act**

A plaintiff asserting state law claims for damages against a local public entity or its employees is required to submit a claim pursuant to the California Tort Claims Act.  *See* Cal. Gov. Code §§ 905, 911.2, 945.4, 950.2.  Compliance with the act is mandatory and the failure to do so is fatal to the cause of action.  *Schiff v. City & County of San Francisco*, 2005 U.S. Dist.

LEXIS 61584, * 28 (N.D. Cal. Jan. 18, 2005); *City of San Jose v. Superior Court of Santa Clara County*, 12 Cal. 3d 447, 454 (1974). In addition, the failure to allege facts demonstrating compliance subjects a claim to a demurrer or motion to dismiss for failure to state a claim. *Schiff*, 2005 U.S. Dist. LEXIS 61584 (quoting *State of California v. Superior Court*, 32 Cal. 4th 1234, 1239 (2004). The Claims Act applies to "suits for money or damages" brought against a public entity or its employees. Cal. Gov. Code §§ 905, 945.4, 950.2, 950.6. This includes claims brought pursuant to the California Constitution. *Schiff*, 2005 U.S. Dist. LEXIS 61584, at *29 (collecting cases requiring tort claims based on violations of California Constitution). Similarly, suits brought for damages based on violation of California Penal Code are not excepted from the statutory claim requirements. *See* Cal. Gov. Code § 905 (listing exceptions).

A prospective plaintiff is required to present a claim within six months of accrual of the cause of action. Cal. Gov. Code § 911.2. One year is allowed in which to apply to present a late claim. Cal. Gov. Code § 911.4 (b). Plaintiff has not alleged in his amended complaint that he submitted a tort claim for his state law claims. Moreover, Plaintiff's time to present a tort claim has lapsed, even if the date of filing of Plaintiff's original complaint is used as the date when his accrual of the state law claims began. The original complaint was filed on August 26, 2019. (ECF 1.) Even using this date as the starting point, Plaintiff's tort claim must have been submitted by February 26, 2020. Any application to present a late claim was due by August 26, 2020. Plaintiff has not alleged he has complied with the California Tort Claims Act, nor that he applied to submit a late claim. Further, the time has run for him to timely present a claim or apply for presentation of a late claim. For these reasons, his state law claims premised on the California Penal Code and California Constitution should be dismissed. Moreover, because the time has passed for Plaintiff to timely submit a claim, the claims should be dismissed without leave to amend.

/ / /

/ / /

/ / /

/ / /

IV. **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests the Court dismiss Plaintiff's Complaint as time barred.

Dated: January 27, 2021                     LONGYEAR & LAVRA, LLP


By: /s/ Nicole M. Cahill
    VAN LONGYEAR
    NICOLE M. CAHILL
    Attorneys for Defendant,
    Deputy Shelton

# PROOF OF SERVICE

**CASE TITLE:** *Head v. County of Sacramento, et al.*
**COURT:** USDC Eastern District of California
**CASE NO:** 2:19-CV-01663-CKD AC

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 3620 American River Drive, Suite 230, Sacramento, CA 95864.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On January 27, 2021, I caused the following to be served:

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**XX**   United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

**PLAINTIFF IN PRO SE:**
Charles Head, Reg. No. 45494-112
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

XX   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 27, 2021, at Sacramento, California.

/S/: D. Gonzales
D. Gonzales
Employee of Longyear & Lavra, LLP