LONGYEAR & LAVRA, LLP
Van Longyear, CSB No.: 84189
Nicole M. Cahill, CSB No.: 287165
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorneys for Defendant,
DEPUTY SHELTON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| CHARLES HEAD,<br><br>    PLAINTIFF,<br><br>V.<br><br>COUNTY OF SACRAMENTO, ET AL.<br><br>    DEFENDANTS. | Case No.: 2:19-CV-01663-TLN-KJN (PC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SHELTON'S MOTION TO STAY DISCOVERY** |

## I.    INTRODUCTION

Defendant Shelton hereby seeks an order from the Court staying discovery in this case and protecting Defendant from responding to discovery pending the resolution of any motions brought pursuant to Rule 12.

## II.    FACTUAL AND PROCEDURAL HISTORY

On August 28, 2019, Charles Head ("Plaintiff") filed a complaint alleging various claims that defendants violated his constitutional rights. (ECF No. 1.)  Defendant County of Sacramento filed a request for screening with the Court on October 8, 2019.  (ECF No. 12.)  After screening, the Court ultimately dismissed of all of the Plaintiff's claims except a claim under the Federal Wiretap Act on June 23, 2020.  (ECF No. 19.)   The Court issued a discovery and scheduling order on August 4, 2020, which allowed the parties to conduct discovery until November 30,

2020. (ECF No. 27.) Defendant Shelton filed a motion to dismiss the Plaintiff's complaint on September 18, 2020 on the grounds that Plaintiff's complaint was time barred. (ECF No. 29.) Plaintiff subsequently filed an amended complaint on October 15, 2020, adding additional allegations and defendants. (ECF No. 39.) On October 29, 2020, Defendant Shelton submitted another request for screening, in part due to the addition of new claims and defendants by Plaintiff in the amended complaint. (ECF No. 40.) On December 28, 2020, the Court entered a screening order, finding potentially colorable claims against Defendant Shelton premised on the Wiretap Act, the California Constitution, and California Penal Code § 637. (ECF No. 50 at p. 7.) The Court also granted Defendant Shelton's request to stay discovery on December 30, 2020. (ECF No. 52.) The Court's order staying discovery specifically extended the stay through Defendant's time to file a responsive pleading, with the option to re-file the motion should Defendant file a motion to dismiss. (ECF No. 52 at p. 3.) Defendant Shelton filed a motion to dismiss Plaintiff's amended complaint concurrently with this motion to stay discovery.

Plaintiff began propounding discovery in this case even before the Court found service to be proper. Plaintiff sent Interrogatories and Requests for Production of Documents to the County of Sacramento on September 9, 2019. (Cahill Decl. ¶ 2.) He then sent additional discovery on August 13, 2020 and September 18, 2020. (Cahill Decl. ¶ 3.) On September 18, 2020, Plaintiff served forty-six requests for admission. (Cahill Decl. ¶ 5.) On September 27, 2020, Plaintiff served twelve requests for production of documents. (Cahill Decl. ¶ 6.) Defendant Shelton served responses to Plaintiff's Interrogatories and Requests for Production on October 12, 2020. (Cahill Decl. ¶ 4.) Defendant also served responses to discovery from Plaintiff on November 2, 2020 and November 12, 2020. (Cahill Decl. ¶¶ 5, 6.) Plaintiff has also sent email correspondence seeking to take the deposition of Defendant Shelton. (Cahill Decl. ¶ 9.) In addition, Plaintiff has filed several motions to compel discovery (ECF Nos. 28, 42, 46). The Court vacated these motions in light of the discovery stay. (ECF No. 52 at p. 52.)

/ / /

/ / /

/ / /

### III. ARGUMENT

The Federal Rules of Civil Procedure allow the district court to "for good cause, issue an order to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). Granting a stay of discovery is within the district court's discretion. *See Alaska Cargo Transp. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (finding the district court did not abuse its discretion in granting a motion to stay discovery pending disposition of the motions to dismiss); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C 2015) (motion to stay discovery pending resolution of dispositive motion appropriate). Moreover, a stay of discovery is appropriate when the defendant would incur an unnecessary burden and expense before threshold, dispositive issues are resolved. *See Clardy v. Gilmore,* 773 Fed. Appx. 958, 959 (9th Cir. 2019) (unpublished).

A two-prong test is often applied in the Eastern District of California in order to determine whether a stay of discovery should issue. Courts should first look to determine whether a pending motion might "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *19-20 (E.D. Cal. Feb. 7, 2011). The second prong looks to determine whether the pending dispositive motion can be decided absent additional discovery. *Id*; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 U.S. Dist. LEXIS 32068, at *3-4 (E.D. Cal. Ap. 18, 2007).

Here, the Court should issue an order staying discovery. Defendant's concurrently filed motion to dismiss, if granted in its entirety, is dispositive of all claims against Defendant Shelton. Further, the motion is based on arguments that do not require discovery in order to resolve. Further, if the Court were to require the Defendant to respond to the Plaintiff's pending discovery requests, it would incur an unnecessary burden and expense by responding to discovery for claims that may be dismissed if the Court grants Defendant's motion to dismiss. Accordingly, Defendant Shelton respectfully requests that the Court grant the Defendant's motion to stay discovery until all thirty days after all defendants directed to be served with Plaintiff's amended complaint have answered.

### IV. CONCLUSION

Based on the foregoing analysis, the Defendant respectfully requests that the Court grant its request to stay discovery.

Dated: January 27, 2021                         LONGYEAR & LAVRA, LLP


                                                By: /s/ Nicole M. Cahill
                                                        VAN LONGYEAR
                                                        NICOLE M. CAHILL
                                                        Attorneys for Defendant,
                                                        Deputy Kenneth Shelton

# PROOF OF SERVICE

**CASE TITLE:** *Head v. County of Sacramento, et al.*
**COURT:** USDC Eastern District of California
**CASE NO:** 2:19-CV-01663-CKD AC

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 3620 American River Drive, Suite 230, Sacramento, CA 95864.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On January 27, 2021, I caused the following to be served:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SHELTON'S MOTION TO STAY DISCOVERY**

**XX**  United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

**PLAINTIFF IN PRO SE:**
Charles Head, Reg. No. 45494-112
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

XX   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 27, 2021, at Sacramento, California.

/S/: D. Gonzales
D. Gonzales
Employee of Longyear & Lavra, LLP