UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding without counsel, with this civil action. Pending before the court is defendant Shelton's motion for a protective order staying discovery until 30 days after answers are filed by any and all defendants for which the court has determined service of plaintiff's complaint appropriate. Plaintiff has not filed an opposition to the motion for a protective order.

For the reasons stated herein, defendant's unopposed motion for a protective order staying discovery is granted in part. Discovery between plaintiff and defendant Shelton is stayed pending resolution of defendant Shelton's motion to dismiss.

Legal Standard

A party may seek a protective order that stays discovery pending resolution of a dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21(b)(6). Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's

1  grant of protective order staying discovery pending resolution of motion to dismiss).  Federal
2  Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a
3  party or person from annoyance, embarrassment, oppression, or undue burden or expense,"
4  including forbidding discovery.  Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order
5  has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from
6  the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

7  "[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of
8  discovery when a potentially dispositive motion is pending." Mlejnecky v. Olympus Imaging
9  Am. Inc., 2011 WL 489743, at *6 (E.D. Cal. 2011).  District courts do not favor blanket stays of
10 discovery because "delaying or prolonging discovery can create unnecessary litigation expenses
11 and case management problems." Salazar v. Honest Tea, Inc., 2015 WL 6537813, at *1 (E.D.
12 Cal. 2015) (citing Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.
13 1988)).  When evaluating a motion to stay, district courts "inevitably must balance the harm
14 produced by a delay in discovery against the possibility that the motion will be granted and
15 entirely eliminate the need for such discovery." Simpson, 121 F.R.D. at 263.

16 District courts in the Ninth Circuit often apply a two-pronged test to decide whether to
17 stay discovery.  Mlejnecky, 2011 WL 4889743, at *6; Seven Springs Ltd. P'ship v. Fox Capital
18 Mgmt. Corp., 2007 WL 1146607, at *1 (E.D. Cal. 2007).  The first prong requires that the
19 pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at
20 which discovery is aimed." Id.  The second prong requires the court to "determine whether the
21 pending, potentially dispositive motion can be decided absent additional discovery." Id.  If either
22 prong is not met, discovery should proceed. Id.

23 Analysis

24 On September 18, 2020, defendant Shelton filed a motion to dismiss plaintiff's original
25 complaint.  (ECF No. 29.)  On October 15, 2020, plaintiff filed an amended complaint.  (ECF No.
26 39.)  On October 29, 2020, defendant Shelton filed a request for the court to screen plaintiff's
27 amended complaint.  (ECF No. 40.)
28 ////

1         On December 28, 2020, the undersigned issued an order and findings and
2  recommendations screening the amended complaint.  (ECF No. 50.)  The undersigned ordered
3  defendant Shelton to file a response, within thirty days, to plaintiff's claims alleging violations of
4  the Wiretap Act, the California Invasion of Privacy Act and the right to privacy in the California
5  Constitution.  (Id.)  The undersigned also vacated defendant Shelton's motion to dismiss the
6  original complaint.  (Id.)  The undersigned also found service of defendant Endrizzi appropriate
7  as to plaintiff's claims alleging violation of the Wiretap Act, Stored Communications Act,
8  California Invasion of Privacy Act and the right to privacy in the California Constitution.  By
9  separate order, the undersigned orders service of defendant Endrizzi.

10        On January 27, 2021, defendant Shelton filed a motion to dismiss the amended complaint,
11 and renewed his motion to stay discovery.  In the motion for stay, defendant Shelton requests that
12 the court stay discovery until 30 days after answers are filed by any and all defendants for which
13 the court has determined service of plaintiff's complaint is appropriate.  (ECF No. 55.)

14        In the motion to stay, defendant Shelton contends that his motion to dismiss, if granted by
15 the court, will dispose of all of plaintiff's claims against defendant Shelton.  In addition, the
16 motion to dismiss is not based on arguments that would require discovery to resolve.  (ECF No.
17 55-1 at 3.)  Finally, based on the volume of discovery propounded to date (Id. at 2), defendant
18 would incur an unnecessary burden and expense if required to respond to discovery for claims
19 that may be dismissed.

20        The undersigned finds good cause to stay discovery pending resolution of defendant
21 Shelton's motion to dismiss the amended complaint.  Defendant Shelton moves for dismissal
22 based on statute of limitations grounds, and contends plaintiff failed to allege compliance with the
23 California Tort Claims Act for his state law claims.  If granted, the motion would resolve all
24 claims against defendant Shelton.  No discovery is required to address such motion.  Under these
25 circumstances, requiring defendant Shelton to respond to plaintiff's discovery requests would be
26 burdensome to defendant and will not prejudice plaintiff.

27        However, discovery is stayed only until resolution of defendant Shelton's motion to
28 dismiss the amended complaint.

1     Accordingly, IT IS HEREBY ORDERED that defendant's motion to stay (ECF No. 55) is
2  granted in part; discovery between plaintiff and defendant Shelton is stayed pending the
3  disposition of defendant's motion to dismiss the amended complaint.
4  Dated:  April 2, 2021

/head1663.nop.sty

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4