UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES HEAD,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2: 19-cv-1663 TLN KJN P

FINDINGS AND RECOMMENDATIONS

Introduction

Plaintiff is a federal prisoner, proceeding without counsel, with a civil action. Pending before the court is defendant Shelton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 54.) For the reasons stated herein, the undersigned recommends that defendant's motion be granted in part and denied in part.

Legal Standard for 12(b)(6) Motion

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Plaintiff's Claims

This action proceeds on plaintiff's verified first amended complaint filed October 15, 2020, against defendants Sacramento County Deputy Sheriff Shelton and Assistant United States Attorney Endrizzi. (ECF No. 39.)

2

Plaintiff alleges that in 2009, defendant Shelton provided defendant Endrizzi with recordings of privileged telephone calls between plaintiff and his lawyer, Scott Tedmon, while plaintiff was housed at the Sacramento County Jail during criminal proceedings.  (Id. at 2, 4-5.) Plaintiff alleges that the purpose of these disclosures was to give defendant Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials held in the United States District Court for the Eastern District of California.  (Id.)

Plaintiff alleges that he filed multiple grievances to Captain Maness concerning his belief that defendant Shelton may be sending, among other things, recordings of telephone calls between plaintiff and his criminal attorney, i.e., Scott Tedmon, to the government prosecutors or the FBI.  (Id. at 8-9.)  Plaintiff alleges that in response to his numerous grievances, defendant Shelton stated that none of his privileged information was being disclosed to any third party, including the government prosecutors or the FBI.  (Id.)  Plaintiff alleges that Captain Maness confirmed this fact as well.  (Id.)

Plaintiff also alleges that in response to discovery requests made during his criminal prosecution, defendant Endrizzi did not disclose that she possessed recorded phone calls between plaintiff and his lawyer, given to her by defendant Shelton.  (Id. at 14.)

Plaintiff alleges that in July of 2019, in response to his request for records, he received information showing defendant Shelton delivered to defendant Endrizzi recordings of telephone calls between plaintiff and his criminal lawyer while plaintiff was housed at the Sacramento County Jail in 2009.  (Id. at 14-15.)

This action proceeds on plaintiff's claims that defendants Shelton and Endrizzi violated the Wiretap Act, defendant Endrizzi violated the Stored Communications Act, defendants Shelton and Endrizzi conspired to violate the California Invasion of Privacy Act, and defendants Shelton and Endrizzi violated plaintiff's right to privacy under the California Constitution.  (ECF No. 50.)

Discussion --Is Plaintiff's Wiretap Act Claim Barred by the Statute of Limitations?

*Legal Standard*

"The Wiretap Act provides a civil cause of action to 'any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18

3

U.S.C. §§ 2510–2523].'"  Bliss v. CoreCivic, Inc., 978 F.3d 1144, 1147 (9th Cir. 2020) (quoting 18 U.S.C. § 2520(a).)  "A plaintiff must bring an action under the Act no 'later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation.'"  Id. (quoting 18 U.S.C. § 2520(e).)

*Discussion*

Defendant argues that plaintiff filed this action on August 26, 2019 (ECF No. 1), which is ten years after the alleged Wiretap Act violations occurred.  Defendant argues that plaintiff knew as early as 2009—when he was still in the Sacramento County Jail—that his calls with his attorney were recorded and shared with the prosecution.  In support of these arguments, defendant requests that the court take judicial notice of three documents:  the government's opposition to plaintiff's motion for bail review filed in plaintiff's criminal case and two letters written by plaintiff attached as exhibits to this opposition.  Defendant also argues that the use of the recordings at plaintiff's trial put plaintiff on notice that the prosecutor possessed these recordings.

In his opposition, plaintiff argues that his claims are not time-barred because he is entitled to equitable estoppel.

The undersigned first considers defendant's request to take judicial notice of the three documents cited in the motion to dismiss.

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Defendant requests that the court take judicial notice of two letters attached as exhibits to the prosecution's opposition to plaintiff's motion for bail review filed August 12, 2009.  In a letter dated April 2, 2009 addressed to "Shayna," plaintiff wrote, "I will call you but it's important that you do not mention anything about the things in this letter other than when or if you are coming to visit me."  (2: 08-cr-93 at ECF No. 279-2 at 18.)  In another letter dated April 1, 2009 addressed to Attorney Burley, plaintiff wrote,  "[i]n case you are wondering everything we are doing is 100% legal; so much that we are going to transact business on the monitored

4

1  jailhouse telephones." (2: 08-cr-93 at ECF No. 279-7 at 7-8.)  Defendant argues that these letters

2  demonstrate that plaintiff knew that his telephone calls at the jail were being recorded.

3      The undersigned may take notice of the fact that these letters are attached as exhibits to

4  the government's opposition.  The undersigned may not, however, assume the factual truth of the

5  assertions in these unverified letters, i.e., that plaintiff knew his telephone calls were being

6  recorded.  See, e.g., Ransom v. Herrera, 2016 WL 7474866, at *4 (E.D. Cal. Dec. 28, 2016)

7  (refusing, at the motion to dismiss stage, to take judicial notice of the plaintiff's complaint in

8  another case because, "Defendants appear to be asking that the Court take judicial notice of facts

9  asserted in that complaint," and "[w]hile Plaintiff's factual allegations in another complaint would

10  be relevant for determining the underlying merits of the case, they are not properly the subject of

11  judicial notice.").[1]

12      Defendant next requests that the court take judicial notice of a footnote in the

13  prosecution's opposition to plaintiff's motion for bail review.  Defendant argues that this footnote

14  informed plaintiff that his telephone conversations with his attorneys were being recorded and

15  shared with the prosecutor.  In relevant part, the opposition states,

16      As will be discussed within, the defendant marked non-legal mail as
        legal mail.  According to the California Bar Association, Hanna Ko,
17      is not a licensed attorney in California.  Moreover, jail recordings
        indicate that their relationship is intimate, rather than professional.
18

19  (2: 08-cr-93 at ECF No. 279 at 2, no. 1)

20      The undersigned takes judicial notice of the footnote set forth above in the government's

21  opposition to plaintiff's motion for bail review.  Fed. R. Evid. 201(b).

22      The undersigned finds that that footnote in the government's opposition may have put

23  plaintiff on notice that the government possessed recordings of telephone calls between plaintiff

24  and a non-attorney, Hanna Ko.  This footnote did not put plaintiff on notice that the government

25  possessed recordings of telephone calls between plaintiff and his attorney, Scott Tedmon.  The

26

27  [1] Even if the undersigned considered plaintiff's statements in these letters, these letters do not
    demonstrate that plaintiff knew that the government possessed recordings of his telephone calls
28  with his attorney, Scott Tedmon.

undersigned also does not find that plaintiff should have inferred from this footnote that the government possessed recordings of those calls.

Defendant also argues, "[p]laintiff's criminal matter was tried to a jury in May of 2013… Presumably, if evidence consisting of recorded phone calls between him and his so-called attorneys was used against plaintiff during his criminal trial, plaintiff would have been aware of it at the time of the trial." (ECF No. 54-1 at 4.)

The undersigned is not persuaded by defendant's argument that use of the recordings between plaintiff and attorney Scott Tedmon at trial should have put plaintiff on notice that the government possessed the recordings. In the amended complaint, plaintiff does not allege that the recordings were admitted at trial. Instead, plaintiff alleges that "the basis for exchange of said material was to give Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials…" (ECF No. 39 at 2.) In the motion to dismiss, defendant does not cite the transcript from plaintiff's criminal trial where the recordings were mentioned.

Although defendant's arguments discussed above are not persuasive, it is undisputed that plaintiff filed this action ten years after the alleged Wiretap Act violation. In his opposition, plaintiff argues that his Wiretap Act claim is not time-barred based on equitable estoppel. The undersigned considers this argument herein.

"The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party 'should not be allowed to benefit from its own wrongdoing.'" Estate of Amaro v. City of Oakland, 653 F.3d 808, 813 (9th Cir. 2011) (quoting Collins v. Gee West Seattle LLC, 631 F.3d 1001, 1004 (9th Cir.2011)). "The doctrine 'focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." Id. (quoting Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir.2000)). Plaintiff carries the burden of pleading and proving the following elements of equitable estoppel:

> 1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

Watkins v. U.S. Army, 875 F.2d 699, 709 (9th Cir. 1989).

"Additionally, when estoppel is sought against the government, 'there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government.'" Estate of Amaro, 653 F.3d at 813 (quoting Bolt v. United States, 994 F.2d 603, 609 (9th Cir. 1991)). "Equitable estoppel *does* apply where the plaintiff believes she has a cause of action but is 'dissuaded' from bringing the claim because of defendant's affirmative misrepresentations and stonewalling during the limitations period.'" Id. at 813 (emphasis in original).

In his verified amended complaint, plaintiff alleges that in response to his numerous grievances, in 2009 defendant Shelton misrepresented to him that none of his privileged information was being disclosed to any third party, including government prosecutors or the FBI. Plaintiff alleges that Captain Maness confirmed this fact as well. Plaintiff raises similar arguments in his opposition to defendant's motion to dismiss. These allegations support a claim for equitable estoppel.

In the reply to plaintiff's opposition, defendant argues that plaintiff cannot demonstrate that defendant Shelton's alleged responses to his grievances were intended to induce reliance. (ECF No. 63 at 2.) Defendant argues that the responses to plaintiff's inquiry, as alleged by plaintiff, do not indicate that defendant Shelton did anything more than inform plaintiff of the standard jail policy for phone calls. (Id.) Defendant also argues that plaintiff does not explain why the events in his trial did not serve to put him on notice that recordings of his calls with his attorney had been sent to the prosecutor. (Id.)

The undersigned is not persuaded by defendant's argument that defendant Shelton merely informed plaintiff of the jail policy. Because defendant does not cite the transcript from plaintiff's trial referencing the at-issue recordings, the undersigned is also not persuaded by defendant's argument that use of the recordings at trial defeats plaintiff's claim for equitable estoppel.

However, to be entitled to equitable estoppel, plaintiff must also demonstrate that he acted diligently in investigating his claims, despite defendant's alleged misrepresentations. Estate of Amaro, 653 F.3d at 813-14. In the verified complaint, plaintiff alleges that he filed,

numerous requests for information from the government pursuant to 5 U.SC. 552 and 552(a) in order to obtain documents relevant to his criminal cases. In July of 2019, plaintiff received information in response to his requests for recordings evidencing Shelton's delivery of and Endrizzi's receipt of plaintiff's attorney-client privileged phone call recordings from the period he was an inmate at the jail including recorded calls to his criminal lawyer.

(ECF No. 39 at 14-15.)

Based on the allegations in the verified amended complaint, the undersigned cannot determine whether plaintiff acted diligently in pursuing his requests for information pursuant to the Freedom of Information Act ("FOIA"). Plaintiff does not allege when he submitted his numerous FOIA requests, nor why it took until July 2019 to obtain evidence of the alleged Wiretap Act violations through the FOIA requests.

Although the undersigned is skeptical that plaintiff can demonstrate diligence in pursuing his FOIA requests, the undersigned finds that the issue of plaintiff's diligence should be raised in a motion for summary judgment rather than a motion to dismiss. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006) ("Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue.").[2]

For the reasons discussed above, defendant's motion to dismiss plaintiff's Wiretap Act claim should be denied.

_____

[2] Plaintiff's declaration attached to his opposition suggests that plaintiff was not diligent in pursuing his FOIA claims. (See ECF No. 59 at 9.) However, the undersigned may not consider plaintiff's declaration in resolving defendant's motion to dismiss because it is outside the operative amended complaint. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). If defendant files a summary judgment motion raising the statute of limitations, plaintiff will have to demonstrate diligence in making his FOIA requests in order to demonstrate a colorable claim for equitable estoppel.

8

<u>Discussion—Should Plaintiff's State Law Claims be Dismissed for Failure to Comply with the</u>
<u>California Tort Claims Act?</u>

*Legal Standard*

Under the California Tort Claims Act ("CTCA"), a party seeking to recover money damages from a public entity or its employees must submit a timely claim to the entity before filing suit in court.  <u>See</u> Cal. Gov't Code §§ 905, 911.2, 945.4, and 950.2.  Timely presentation of claims subject to the CTCA is not merely a procedural requirement but is an element of the plaintiff's cause of action.  <u>Shirk v. Vista Unified School District</u>, 42 Cal.4th 201, 209 (2007), superseded by statute on other grounds as stated in <u>A.M. v Ventura Unified School Dist.</u>, 3 Cal.App.5th 1252 (2016).  A plaintiff may bring its action against a public entity and its employees only after the entity has acted upon or is deemed to have rejected the plaintiff's claims. <u>See id.</u>; <u>see also</u> <u>Mangold v. California Public Utilities Commission</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").

A plaintiff asserting a claim that is subject to the CTCA must affirmatively allege in his complaint that he complied with the CTCA's claims presentation procedure or circumstances excusing such compliance.  <u>See</u> <u>Shirk</u>, 42 Cal.4th at 209; <u>State of California v. Superior Court</u> <u>(Bodde)</u>,  32 Cal.4th 1234, 1243 (2004) (plaintiff must allege facts "demonstrating or excusing compliance with the claim presentation requirement").  Compliance with the CTCA "is mandatory and failure to file a claim is fatal to the cause of action."  <u>City of San Jose v. Superior Court</u>, 12 Cal.3d 447, 454 (1974) (internal citation omitted).  The requirement to affirmatively allege facts demonstrating or excusing compliance with the CTCA's claims presentation requirement applies in federal court.  <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988).

A government tort claim must be presented to the public entity no later than six months after the cause of action accrues.  Cal. Gov't Code § 911.2(a).  However, in the event the injured party fails to file a claim within the six-month limitations period, an application for late claim

relief may be made to the public entity.  Cal. Gov. Code, § 911.4(a).  The application for late claim relief must be made in a reasonable time, not to exceed one year from the accrual date.  Cal. Gov. Code, § 911.4(b).  If the public entity denies the application, California Government Code Section 946.6 authorizes the injured party to petition the court for relief from the claim requirements.  The CTCA also specifies:  "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates."  Cal. Gov. Code § 946.6(a).

*Arguments by Defendant and Plaintiff*

Defendant moves to dismiss plaintiff's state law claims on the grounds that the amended complaint does not allege compliance with the CTCA.  Defendant also argues that plaintiff's time to present a tort claim has lapsed.  Defendant argues that using the date plaintiff filed the original complaint in the instant action, i.e., August 26, 2019, as the starting point, the deadline for the filing of plaintiff's tort claim would have been February 26, 2020, and any application to present a late claim was due by August 26, 2020.  Defendant argues that plaintiff does not allege compliance with the CTCA or that he submitted a late claim.

In his opposition, plaintiff argues that his disability of incarceration (since 2013) prevented him from complying with the CTCA any further than he has.  (ECF No. 59 at 5.) Plaintiff claims that he requested the address for the California Victim Compensation and Government Board, but his claim mailed to this address was returned "undeliverable."  (Id.) Plaintiff alleges that he does not have direct access to the internet and the ability to obtain the correct mailing address for his claim due to his confinement.  (Id.)  Plaintiff also claims that he cannot obtain the correct mailing address for his claim from his family.  (Id.)  Plaintiff argues that given his attempt to file a timely claim in 2018, and his disability of confinement, the court may waive his failure to comply with the CTCA.  (Id.)

In the reply, defendant argues that in his opposition, plaintiff concedes that he only attempted to comply with the CTCA by sending items to the California Victim Compensation and Government Board, but fails to mention any correspondence sent to the Sacramento County Board of Supervisors.  (ECF No. 63 at 3.)  Defendant argues that plaintiff fails to explain how he

1    was timely in attempting to file such claims in 2018.  (Id.)  Defendant also argues that plaintiff

2    asserts, without any authority, that his incarceration serves as a disability.  (Id.)

3       *Discussion*

4       It is undisputed that plaintiff failed to file a CTCA claim.  In his opposition, plaintiff

5    argues that he was unable to file a CTCA claim because the circumstances of his incarceration

6    prevented him from obtaining the correct mailing address for this claim.  The undersigned

7    addresses this argument herein.

8       In Bodde, the California Supreme Court stated a plaintiff may arguably be able to satisfy

9    the claim presentation requirement by "alleging an appropriate excuse, such as equitable

10    estoppel."  32 Cal.4th at 1245  (citing Ard v. County of Contra Costa, 93 Cal.App.4th 339, 346–

11    47 (2001)).  In Ard, the court explained what may excuse a plaintiff from satisfying the claim

12    presentation requirement:  "It is well settled that a public entity may be estopped from asserting

13    the limitations of the claims statute where its agents or employees have prevented or deterred the

14    filing of a timely claim by some affirmative act."  Ard, 93 Cal.App.4th at 346–47.

15       Assuming plaintiff's state law claims accrued on the date he filed the instant action,

16    plaintiff does not allege that defendant prevented him from filing his tort claim.  In other words,

17    plaintiff does not state a claim for equitable estoppel.  Instead, plaintiff alleges that he could not

18    file his tort claim because he could not obtain the correct address to mail his claim due to his

19    incarceration.  The undersigned does not find that plaintiff's alleged inability to obtain the correct

20    address to mail his claim is an "appropriate excuse" for his failure to file his claim.  The

21    undersigned is not aware of any authority suggesting that the inability to obtain the correct

22    mailing address due to incarceration is an "appropriate excuse" for failing to comply with the

23    requirements of the CTCA.

24       Accordingly, for the reasons discussed above, the undersigned recommends that

25    defendant's motion to dismiss plaintiff's state law claims on the grounds that plaintiff failed to

26    comply with the CTCA be granted.

27    ////

28    ////

1       Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss

2   (ECF No. 54) be granted as to plaintiff's state law claim and denied as to plaintiff's Wiretap Act

3   claim.

4       These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9   objections shall be filed and served within fourteen days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated:  June 3, 2021

14  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

20  Head1663.mtd

12