UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding without counsel, with this civil action. Pending before the court are plaintiff's motions to compel addressed to defendant Shelton. (ECF Nos. 28, 42, 46.)

<u>Legal Standard for Motion to Compel</u>

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

1

26(b)(2)(C).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1.

Background

This action proceeds on plaintiff's first amended complaint filed October 15, 2020 against defendants Sacramento County Deputy Sheriff Shelton and Assistant United States Attorney Endrizzi. (ECF No. 39.)

Plaintiff alleges that in 2009, defendant Shelton provided defendant Endrizzi with recordings of privileged telephone calls between plaintiff and his lawyer, Scott Tedmon, while plaintiff was housed at the Sacramento County Jail during criminal proceedings. (Id. at 2, 4-5.) Plaintiff alleges that the purpose of these disclosures was to give defendant Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials held in the United States District Court for the Eastern District of California. (Id.)

Plaintiff alleges that he filed multiple grievances to Captain Maness concerning his belief that defendant Shelton may be sending among other things, recordings of telephone calls between plaintiff and his criminal attorney, i.e., Scott Tedmon, to the government prosecutors or the FBI. (Id. at 8-9.) Plaintiff alleges that in response to his numerous grievances, defendant Shelton stated that none of his privileged information was being disclosed to any third party including the government prosecutors and the FBI. (Id.) Plaintiff alleges that Captain Maness confirmed this fact as well. (Id.)

Plaintiff also alleges that in response to discovery requests made during his criminal prosecution, defendant Endrizzi did not disclose that she possessed recorded phone calls between plaintiff and his lawyer, given to her by defendant Shelton. (Id. at 14.)

Plaintiff alleges that in July of 2019, in response to his request for records, he received information showing defendant Shelton delivered to defendant Endrizzi recordings of telephone calls between plaintiff and his criminal lawyer while plaintiff was housed at the Sacramento County Jail in 2009. (Id. at 14-15.)

Following resolution of defendant Shelton's motion to dismiss, this action proceeds on plaintiff's claim that defendant Shelton violated the Wiretap Act. This action proceeds against defendant Endrizzi on claims that she violated the Wiretap Act, the Stored Communications Act, the California Invasion of Privacy Act and plaintiff's right to privacy under the California Constitution.

Motion to Compel filed September 14, 2020 (ECF No. 28)

Plaintiff alleges that defendant Shelton failed to respond to a request for production of documents and interrogatories served on August 13, 2020. (ECF No. 28.)

In the opposition, for the reasons set forth herein, defendant argues that plaintiff's motion to compel is premature. Defendant states that on July 29, 2020, he filed a waiver of summons. (ECF No. 26.) On August 5, 2020, the court issued a scheduling order. (ECF No. 27.) Pursuant to the scheduling order, responses to written discovery are due forty-five days after service. (Id.) Defendant Shelton had not appeared in this case at the time the court issued the scheduling order.

On August 28, 2020, counsel for defendant Shelton, employed by the law firm Longyear & Lavra, LLP, received via email discovery requests from plaintiff that were received by the Sacramento County Board of Supervisors on August 20, 2020. (ECF 32-1 at 1.) On September 2, 2020, defense received via email more discovery requests that were received by the Sacramento County Sheriff's Department on August 21, 2020. (Id.) This email included a copy of the envelope, which directed the requests to defendant Shelton. (Id.)

On September 11, 2020, defense counsel sent plaintiff a letter indicating that she received his requests but they were not properly served because they were not served on her office. (ECF No. 32-2.) The letter notified plaintiff to please serve all documents regarding this case to her office in the future. (Id.) The letter also stated that instead of requesting that plaintiff re-serve the discovery requests, defense counsel would deem them served based on the date they were

3

received by her office, i.e., August 28, 2020. (Id.) The letter also stated that pursuant to the scheduling order, defendant Shelton had 45 days to respond to the discovery requests, i.e., until October 12, 2020. (Id.) The letter asked plaintiff to promptly advise if he disagreed with the calendaring of the responses to these requests. (Id.)

In the opposition to the pending motion, defendant argues that plaintiff's motion to compel is premature because he filed it on September 14, 2020, prior to the expiration of the 45 days period from which they were received by defense counsel after improper service on Sacramento County and the Sheriff's Department.

Based on the improper service of the discovery requests, the undersigned finds that defendant reasonably calculated October 12, 2020 as the deadline for serving responses to plaintiff's discovery requests. Accordingly, plaintiff's September 14, 2020 motion to compel is denied as premature.

Motion to Compel filed November 2, 2020 (ECF No. 42)

*Plaintiff's Motion*

Plaintiff alleges that he served defendant Shelton with a request for production of documents, set one, no. 5 seeking, "Any and all of Charles Head's phone call recordings (transcriptions, audio or otherwise recorded) which were released to the United States Attorneys' Office and/or AUSA Ellen V. Endrizzi." (ECF No. 42 at 12.) Defendant Shelton responded, "Defendant objects to this request as overbroad with respect to time and scope. This request seeks all recorded conversations, regardless of relevancy or timeframe." (Id.)

In the motion to compel, plaintiff does not address defendant's objections to request no. 5. Instead, plaintiff alleges that he attempted to informally resolve the dispute regarding this request but defense counsel failed to respond to his communications. (Id. at 4-5.) Plaintiff alleges that he sent defense counsel two letters via U.S. mail in an attempt to resolve the discovery dispute. (Id. at 4.) Plaintiff alleges that on October 24, 2020, he made several attempts to call defense counsel but his calls were not answered. (Id.) Plaintiff alleges that in October 2020, he sent defense counsel two emails in an attempt to resolve the discovery dispute. (Id.) Plaintiff also alleges that he sent his father an email to forward to defense counsel. (Id.)

4

*Defendant's Opposition*

In the opposition, defendant first argues that the court should deny the motion to compel in light of plaintiff's amended complaint and defendant's request for the court to screen the amended complaint. (ECF No. 44 at 2.) Defendant argues that the relevancy of request no. 5 is unclear until the amended complaint is screened. (Id.)

Defendant next argues that plaintiff's motion to compel fails to address defendant's objections to request no. 5. (ECF No. 44 at 3.) Defendant argues that at the time defendant responded to the request for production of documents, plaintiff's only surviving claim related to the recording of privileged conversations in 2009 between plaintiff and his attorney while he was incarcerated in the Sacramento County Jail in violation of the Wiretap Act. (Id.) Defendant argues that, assuming this claim survives, the only relevant recorded calls would consist of those conversations recorded between plaintiff and his attorney during this specific time period. (Id.) For this reason, defendant objected to request no. 5 as overbroad with respect to scope and time. (Id.) In the opposition, defendant also argues that plaintiff does not offer to restrict his request such that it would be more narrowly tailored to his case. (Id.)

In a declaration filed in support of the opposition, defense counsel states that on October 12, 2020, she served plaintiff with responses and objections to his request for production. (ECF No. 44-1.) Defense counsel states that on November 2, 2020, she received a letter from plaintiff regarding the discovery responses and seeking to meet and confer. (Id.) That same day, defense counsel was notified via ECF that plaintiff filed a motion to compel. (Id.) Because plaintiff filed a motion to compel, defense counsel did not respond to plaintiff's correspondence as it appeared it would have no effect on plaintiff's position. (Id.)

In her declaration, defense counsel also states,

> While plaintiff did send an invitation for email correspondence from the prison, it is not my practice to accept invitations for email correspondence from prisoners. However, after it was apparent that delays in communication were affecting the parties' ability to proceed with the case, I created an account in order to accept communication via email from plaintiff. Unfortunately, by the time I did so, the invitation from plaintiff had expired and was required to be renewed by the plaintiff in order to proceed.

1 (Id.)

2     Defense counsel also states that she did not receive any calls from plaintiff and nor has her staff advised her of calls from plaintiff. (Id.) Counsel also states that she did not receive any email correspondences from plaintiff's relatives. (Id.)

*Plaintiff's Reply*

In the reply, plaintiff contends that in his attempted correspondence with counsel, he submitted a more specific request limited only to the phone call recordings between him and his attorney, Scott Tedmon, during the time plaintiff was housed at the Sacramento County Jail. (ECF No. 47 at 3.) Plaintiff alleges that he specifically requested, "Any and all records of calls made by Charles Head to phone number 916-441-4550, including but not limited to calls logs, phone calls recordings, and any chain of custody record regarding disclosure of said records to any third party." (Id.) Plaintiff contends that defendant objected to this request as overbroad and vague with respect to time. (Id.)

*Discussion*

Plaintiff's complaint is now screened and the court has ruled on defendant's motion to dismiss. (ECF No. 75.) Request no. 5 is relevant to plaintiff's Wiretap Act claim. Accordingly, defendant's objection on relevancy grounds is overruled.

The undersigned next finds that plaintiff's motion to compel does not meet plaintiff's burden of addressing defendant's objections. Defendant's objection that request no. 5 is overbroad with respect to time and scope has merit. However, in the opposition, defendant acknowledges the relevancy of the 2009 phone calls between plaintiff and his attorney, Scott Tedmon, while plaintiff was housed in the Sacramento County Jail, allegedly released to the United States Attorney's Office or AUSA Endrizzi in 2009.

In a declaration filed in support of the opposition to the motion to compel filed November 23, 2020, defense counsel state that on December 1, 2020, she sent plaintiff an email informing him that the recorded calls he sought from 2008-2010 had been purged in accordance with the Sheriff's Department's document destruction and retention policy. (ECF No. 48-1 at 2.)

////

6

The undersigned finds that request no. 5, as originally phrased, is overbroad. Moreover, it appears that the recordings plaintiff seeks in request no. 5 do not exist. However, in an abundance of caution, defendant is ordered to provide plaintiff with a further response to request no. 5 clarifying that, to the extent plaintiff seeks recordings of phone calls between plaintiff and attorney Scott Tedmon in 2009, while plaintiff was incarcerated in the Sacramento County Jail, allegedly released to the United States Attorneys' Office or AUSA Endrizzi in 2009, these recordings no longer exist. Plaintiff's motion to compel as to this request is denied in all other respects.

Plaintiff's request for sanctions in this motion to compel is denied.

Motion to Compel Filed November 23, 2020 (ECF No. 46)

*Plaintiff's Motion*

Plaintiff argues that defendant Shelton failed to adequately respond to his request for admissions, nos. 1-46. (ECF No. 46 at 1.) Plaintiff also argues that defendant Shelton failed to adequately respond to request for production of documents, set three, nos. 1-10. (Id.) Plaintiff argues that instead of responding to these discovery requests, defendant Shelton engaged in dilatory tactics" and "makes the same cookie-cutter, baseless and repeated objections to every one of plaintiff's discovery requests." (Id. at 2.)

The motion to compel addresses only two specific discovery requests. Plaintiff argues that defendant Shelton claims that plaintiff's request for any and all recordings showing a chain of custody regarding the release of his telephone calls is irrelevant. (Id.) Plaintiff argues that the information sought in this request is relevant. (Id.) Plaintiff does not identify the number of this request. Plaintiff also argues that defendant's objection to request for production no. 9 as irrelevant is improper. (Id. at 3.)

*Defendant's Opposition*

In the opposition, defendant first argues that the court should deny the motion to compel in light of plaintiff's amended complaint and defendant's request for the court to screen the amended complaint. (ECF No. 48 at 2.) Defendant contends that because plaintiff's complaint was not screened, defendant largely objected to the requests on relevancy. (Id. at 3.) Defendant

7

argues that without knowledge of which claims, if any, are at issue, the scope of relevancy is unknown. (Id.)

Defendant also argue that plaintiff's motion to compel fails to address defendant's objections to the at-issue discovery requests. (Id. at 3.)

*Discussion*

In the opposition defendant represents that he largely objected to plaintiff's request for admissions and request for production of documents on relevancy grounds because he could not determine the scope of relevancy because plaintiff's complaint was not screened. As discussed above, plaintiff's complaint is now screened and the court has ruled on the motion to dismiss. (ECF No. 75.) This action proceeds against defendant Shelton on plaintiff's Wiretap Act Claim. (Id.)

Because the claim on which this action proceeds is now clear, within thirty days of the date of this order, defendant Shelton shall serve plaintiff with amended responses to the request for admissions and request for production of documents addressed in plaintiff's November 23, 2020 motion to compel. Plaintiff may file a motion to compel regarding defendants' amended responses to these discovery requests within thirty days thereafter. If plaintiff files a motion to compel, he shall keep in mind the legal standards for motions to compel, set forth above.

Plaintiff's request for sanctions in this motion to compel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel filed September 14, 2020 (ECF No. 28) is denied;
2. Within thirty days of the date of this order, defendant shall serve plaintiff with an amended response to request for production of documents no. 5, as discussed above; plaintiff's motion to compel filed November 2, 2020 (ECF No. 42) is denied in all other respects;
3. Plaintiff's motion to compel filed November 23, 2020 (ECF No. 46) is vacated;

////

////

////

4. Within thirty days of the date of this order, defendant Shelton shall serve plaintiff with amended responses to request for admissions, set one, and request for production of documents, set three; within thirty days thereafter, plaintiff may file a motion to compel regarding defendant Shelton's amended responses to request for admissions, set one, and request for production of documents, set three.

Dated:  September 16, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.com

9