UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>            Defendants. | No. 2: 19-cv-1663 TLN KJN P<br><br><br>ORDER |

Plaintiff is a federal prisoner, proceeding with this civil action. Pending before the court is defendant Shelton's motion to reopen discovery. (ECF No. 77.) Also pending is plaintiff's motion to reopen discovery as to defendant Shelton. (ECF No. 79.)

For the reasons stated herein, defendant Shelton's motion to reopen discovery is granted, and plaintiff's motion to reopen discovery is denied

<u>Background</u>

On August 5, 2020, Magistrate Judge Delaney issued a discovery and scheduling order setting the discovery cut-off date for November 30, 2020.[1] (ECF No. 27.) The scheduling order stated that all discovery requests pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be served no later than sixty days prior to November 30, 2020, i.e., October 1, 2020. (<u>Id.</u>)

---

[1] On October 15, 2020, this action was reassigned to the undersigned. (ECF No. 37.)

1

On September 14, 2020, plaintiff filed a motion to compel. (ECF No. 28.) On November 2, 2020, plaintiff filed a second motion to compel. (ECF No. 42.) On November 23, 2020, plaintiff filed a third motion to compel. (ECF No. 46.)

On December 30, 2020, the undersigned granted defendant Shelton's October 30, 2020 motion to stay discovery pending the filing of a motion to dismiss plaintiff's amended complaint. (ECF Nos. 41, 52.) In the December 30, 2020 order, the undersigned vacated plaintiff's three pending motions to compel. (ECF No. 52.)

On April 2, 2021, the undersigned granted defendant Shelton's January 27, 2021 motion to stay discovery pending the disposition of defendant's motion to dismiss the amended complaint. (ECF Nos. 55, 60.)

On August 2, 2021, the Honorable Troy L. Nunley granted defendant's motion to dismiss plaintiff state law claims and denied defendant Shelton's motion to dismiss plaintiff's Wiretap Act claim. (ECF No. 71.) On August 31, 2021, defendant Shelton filed an answer. (ECF No. 74.)

On September 2, 2021, the undersigned lifted the stay of discovery and reinstated plaintiff's three pending motions to compel. (ECF No. 75.) The undersigned did not reopen discovery, which closed on November 30, 2020, i.e., before the December 30, 2020 order staying discovery. (Id.) The undersigned found no good cause to reopen discovery for plaintiff because he filed three motions to compel before the discovery deadline. (Id.)

In the September 2, 2021 order, the undersigned found no good cause to reopen discovery for defendant Shelton based on discovery requests pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 because he filed the first motion to stay before the discovery deadline. (Id.) The undersigned granted defendant Shelton twenty-one days to file a motion to conduct discovery other than pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36. (Id.)

On September 16, 2021, the undersigned issued an order addressing plaintiff's three pending motions to compel. (ECF No. 76.) The undersigned denied the motion to compel filed September 14, 2020 as premature. (Id.) The undersigned denied the motion to compel filed November 2, 2020, except for request for production no. 5. (Id.) The undesigned ordered

defendant to provide plaintiff with an amended response to request no. 5 within thirty days. (Id.) The undersigned vacated the motion to compel filed November 23, 2020. (Id.) The undersigned ordered defendant to provide plaintiff with amended responses to requests for admissions, set one, and request for production of documents, set three, addressed in the November 23, 2020 motion to compel. (Id.)

Defendant Shelton's Motion to Reopen Discovery

Defendant requests that the court reopen discovery so that he may serve limited written discovery on plaintiff and take plaintiff's deposition. Defendant states that because of the unusual procedural history of this case, defendant has not yet conducted any discovery. Defendant contends that prior to receiving a ruling on defendant's motion to dismiss, the scope of propounded discovery was unclear. Defendant contends that had the motion to dismiss been granted in full, discovery would not have been necessary. Defendant states that in addition to deposing plaintiff, he intends to serve plaintiff with one set of interrogatories and one request for production of documents.

Courts have "broad discretion" to modify discovery deadlines upon a showing of good cause. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609.

The undersigned finds that defendant Shelton has shown good cause to reopen discovery for the limited discovery discussed in the pending motion. Accordingly, defendant's motion to reopen discovery is granted.

Plaintiff's Motion to Reopen Discovery

Plaintiff requests to reopen discovery as to defendant Shelton "for many of the same reasons" raised by defendant Shelton in his motion to reopen discovery. Plaintiff alleges that he (plaintiff) had "numerous issues propounding discovery to defendant Shelton due to his incarceration, COVID-19 infection, long COVID diagnosis and Shelton's lawyer opposing nearly every discovery request that plaintiff submitted." (ECF No. 79 at 1-2.)

////

      Plaintiff's November 2, 2020 motion to compel demonstrates that plaintiff served defendant Shelton with 8 requests for production of documents.  (ECF No. 42.)  Plaintiff's November 23, 2020 motion to compel demonstrates that plaintiff served defendant Shelton with 46 requests for admissions and 12 requests for production of documents.  (ECF No. 46.)

      Plaintiff's motions to compel demonstrate that plaintiff served defendant Shelton with at least three discovery requests prior to the discovery deadline.  In the pending motion to reopen discovery, plaintiff does not specifically address why his previous discovery requests addressed to defendant Shelton were inadequate.  Plaintiff also does not discuss the additional discovery he would like to conduct.  For these reasons, the undersigned finds that plaintiff has not shown good cause to reopen discovery.  Accordingly, plaintiff's motion to reopen discovery is denied.

      Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Shelton's motion to reopen discovery (ECF No. 77) is granted; defendant Shelton may serve plaintiff with one set of interrogatories and one request for production of documents within thirty days of the date of this order; defendant Shelton may depose plaintiff within sixty days of the date of this order;

2. Plaintiff's motion to reopen discovery as to defendant Shelton (ECF No. 79) is denied.

Dated:  October 19, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.ord(3)

kc