UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding without counsel, with a civil action. Pending before the court is plaintiff's motion to compel defendant Endrizzi to produce recordings responsive to request for production of documents set 1A, request no. 1. (ECF No. 84.) For the reasons stated herein, plaintiff's motion to compel is denied.

Background

This action proceeds on plaintiff's first amended complaint filed October 15, 2020, against defendants Sacramento County Deputy Sheriff Shelton and (former) Assistant United States Attorney Endrizzi. (ECF No. 39.) Plaintiff alleges that defendant Shelton provided defendant Endrizzi with recordings of privileged telephone calls between plaintiff and his lawyer (Scott Tedmon) while plaintiff was housed in the Sacramento County Jail during criminal proceedings. Plaintiff alleges that the purpose of these disclosures was to give defendant Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials held in the United States

1

District Court for the Eastern District of California.

This action proceeds on plaintiff's claims that defendant Shelton violated the Wiretap Act and that defendant Endrizzi violated the Wiretap Act, Stored Communications Act, California Invasion of Privacy Act and the right to privacy in the California Constitution.

Discussion

In request no. 1, plaintiff sought, "Any and all audio recordings of Charles Head's phone conversations recorded while he was an inmate at the Sacramento County Jail." (ECF No. 84 at 12.) Defendant responded that she had no responsive recordings in her possession, custody or control. (Id.)

In the motion to compel, plaintiff argues that it is undisputed that the recordings he seeks exist and are in the possession of the defendant's counsel, the U.S. Attorney's Office. (Id. at 4.) Plaintiff observes that in the answer, defendant admits that following plaintiff's indictment, "she received copies of certain inmate phone calls made by Plaintiff and certain inmate mail sent by plaintiff." (ECF No. 70 at 2 (defendant's answer).) Plaintiff also contends that in response to a request for admissions, defendant Endrizzi admitted that she requested that defendant Shelton give her copies of plaintiff's recorded phone conversations made from the Sacramento County Jail and that she recalls arranging with Sacramento County Jail staff to obtain recordings of non-legal calls of jail inmates. (ECF No. 84 at 8.)

In the opposition, defendant argues that the motion to compel should be denied because she does not have the recordings in her possession, custody or control. In support of the opposition, defendant provides her own declaration. In her declaration, defendant states that she was an Assistant United States Attorney in the Eastern District of California from approximately March 2005 through October 2011. (ECF No. 85-1 at 1.) Defendant was the attorney of record in United States of America v. Charles Head, 2: 08-cr-00093 KJM AC (Head I), and United States of America v. Charles Head, 2: 08-cr-00116 KJM AC (Head II). (Id.) Defendant presented the cases to a federal grand jury, which returned indictments and later superseding indictments against plaintiff. (Id. at 1-2.) In both cases, senior Assistant U.S. Attorneys were assigned as co-counsel and were listed on the indictments and superseding indictments. (Id.)

2

Defendant's involvement in Head I and Head II ended when she accepted a detail to the Office of the Deputy Attorney General, based at the United States Embassy in Baghdad, Iraq. (Id.) Defendant was not physically present in the Eastern District of California from July 2010 to October 2011. (Id.) Defendant did not personally appear as counsel in Head I or Head II after July 25, 2010, and she has not had access to the files in those cases since that date. (Id.)

Defendant's participation as counsel in Head I formally concluded on May 4, 2011 when the U.S. Attorney's Office for the Eastern District filed a document designating another Assistant U.S. Attorney to replace defendant. (Id.) Defendant's participation as counsel in Head II formally concluded on July 13, 2011, when the U.S. Attorney's Office for the Eastern District of California filed a document designating another Assistant U.S. Attorney to replace defendant as counsel. (Id.) Defendant did not serve as trial counsel or participate in trial preparation in the two jury trials in which plaintiff was found guilty. (Id.)

In her declaration, defendant states that she recalls arranging with the Sacramento County Jail to obtain recordings of nonprivileged phone calls made by jail inmates. (Id.) Defendant believes that this included phone calls involving plaintiff. (Id.) Defendant states that she recalls that defendant Shelton provided her with copies of correspondence taken from plaintiff's cell. (Id.) By letter dated January 6, 2010, defendant disclosed all such correspondence to plaintiff's counsel, Mr. Tedmon. (Id.)

Defendant states that she recalls going to the Sacramento County Jail to pick up a disk of materials from defendant Shelton, but she does not recall whether that disk contained recorded jail calls or the inmate correspondence. (Id.) Defendant states that she has not had physical access to the case files since July 2010, and does not know whether recordings of plaintiff's jail calls still exist or, if they do exist, where they might be found. (Id. at 2-3.) Defendant does not have any such recordings in her possession. (Id. at 3.)

Defendant observes that the final exhibit lists filed in Head I and Head II show that no recorded phone calls made by plaintiff from the Sacramento County Jail were used as exhibits in plaintiff's two trial. (Id.)

////

Defendant states that she did not request from defendant Shelton or from any other person at the jail recordings between plaintiff and his counsel. (Id.) Defendant does not recall receiving or reviewing any jail recordings between plaintiff and his counsel. (Id.) Defendant's understanding was and is that the telephone number of plaintiff's attorney would have been registered with the Sacramento County Jail for exclusion from the jail's recording system. (Id.)

Defendant states that it was and is her practice that if she were to inadvertently receive potentially privileged material, as soon as she recognized that fact, she would place the item in an envelope, seal it, and request that a filter attorney (an attorney with no connection with the case) be assigned to review the item and determine whether it was privileged. (Id.)

In support of the opposition, defendant also filed the declaration of Assistant U.S. Attorney Hall, counsel of record for defendant. (ECF No. 85-2.) Mr. Hall is employed in the Fresno Office of the United States Attorney. (Id. at 1.) In his declaration, Mr. Hall states that he has not withheld from production to plaintiff any audio recordings of plaintiff's jail telephone calls. (Id. at 2.) Mr. Hall states that he made substantial efforts to locate any such recordings in the files of the United States Attorney's Office. (Id.) On September 29, 2021, Mr. Hall traveled from Fresno to the Sacramento office to personally review the voluminous case files in Head I and Head II. (Id.) Defendant located the jail correspondence that defendant Shelton provided to defendant Endrizzi, and which defendant Endrizzi produced to Scott Tedmon, plaintiff's counsel, by letter dated January 6, 2010. (Id.) Mr. Hall produced that letter and the jail correspondence, Bates-stamped HEAD-LTRS-001 through HEAD-LTRS-291, to plaintiff in response to his request for production of documents. (Id. at 2-3.) Mr. Hall states that he was unable to locate any audio recordings of plaintiff's jail telephone calls. (Id. at 3.)

Mr. Hall states that he asked the Assistant U.S. Attorneys most recently assigned to the Charles Head criminal litigation if they were aware of any jail telephone recordings of plaintiff. (Id.) At Mr. Hall's request, the office's FOIA officer conducted an additional review of the case files in an attempt to locate the audio recordings plaintiff requested. (Id.) Despite these efforts, Mr. Hall states that his office has been unable to locate any such recordings. (Id.) Had Mr. Hall located such recordings, he would have produced them to plaintiff in response to his request.

(Id.)

Defendant's opposition demonstrates that the recordings plaintiff's requests cannot be located after a reasonable inquiry and diligent search. Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (citations omitted) ("A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'") The undersigned cannot compel defendant to produce recordings that cannot be located after a reasonable inquiry and diligent search. See Belinda C. Muhammad v. Bretanniyia Jenkins, 2021 WL 5911684, at *5 (C.D. Cal. Sept. 8. 2021) (citations omitted) ("At the same time, the court cannot order a party to produce documents that do not exist. A mere suspicion that additional documents must exist is insufficient basis to grant a motion to compel."). Accordingly, plaintiff's motion to compel is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 84) is denied.

Dated: December 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.com(2)