1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES HEAD,                              No.  2: 19-cv-1663 TLN KJN P

12              Plaintiff,

13         v.                                     ORDER

14    COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17         Plaintiff is a federal prisoner, proceeding without counsel, with this civil action.  On

18    December 17, 2021, defendants Shelton and Endrizzi filed separate motions to compel.  (ECF

19    Nos. 86, 87.)  Plaintiff did not oppose these motions.  Accordingly, on January 25, 2022, the

20    undersigned ordered plaintiff to show cause for his failure to oppose the motions to compel.

21    (ECF No. 91.)

22         On February 4, 2022, plaintiff filed a response to the order to show cause.  (ECF No. 95.)

23    Plaintiff also filed an opposition to defendant Shelton's motion to compel.  (ECF No. 93.)

24    Plaintiff filed a declaration addressing defendant Endrizzi's motion to compel.  (ECF No. 96.)

25         Good cause appearing, the order to show cause is discharged.  The undersigned herein

26    addresses defendant Shelton's motion to compel plaintiff to appear for a deposition and,

27    alternatively, for terminating sanctions.  (ECF No. 86.)

28    ////

                                               1

1    Background—Defendant's Motion to Compel

2          Defendant Shelton's motion to compel contains the following background information.

3          On October 20, 2021, the undersigned granted defendant Shelton's motion to reopen

4    discovery.  (ECF No. 82.)  The undersigned ordered that defendant Shelton could depose plaintiff

5    within sixty days of the date of this order.  (Id.)  The August 17, 2021 discovery and scheduling

6    order provided that defendants could depose plaintiff either in person or by videoconference.[1]

7    (ECF No. 72 at 5.)

8          In mid-November 2021, counsel for defendant Shelton ("counsel") directed her assistant

9    to contact FCI Cumberland to schedule plaintiff's deposition.  (ECF No. 86-2 at 1.)  Counsel's

10   assistant informed counsel that she made repeated attempts by phone to contact plaintiff's

11   counselor to schedule the deposition but had not heard back from anyone at the prison.  (Id.)

12         On November 24, 2021, counsel's office served plaintiff with a deposition notice, setting

13   the deposition for December 16, 2021, at 9:00 a.m. PST, 12 p.m. EST.  (Id.)  In addition to

14   serving plaintiff with the notice, counsel emailed FCI Cumberland at the email box listed on their

15   website with a copy of the notice and indicated that she was attempting to take plaintiff's

16   deposition.  (Id.)

17         Because counsel was unaware of the prison's videoconference capabilities, the notice

18   indicated a location of "ZOOM," and that the deposition would be conducted by utilizing audio-

19   visual conference technology.  (Id.)  Having done numerous remote depositions through Zoom

20   since March 2020, counsel is familiar with the user's ability to appear only by phone, with no

21   video feed, through the Zoom software.  (Id.)

22         On November 30, 2021, counsel received an email from David Holler with the Board of

23   Prisons indicating that the facility could not accommodate a videoconference deposition, but that

24   a telephonic appearance could be done.  (Id.)

25         On December 10, 2021, counsel spoke to staff at the prison by phone and confirmed a

26

27   [1]  The discovery and scheduling order issued August 5, 2020, by Magistrate Judge Delaney also
     stated that the parties could depose plaintiff either in person or by videoconference.  (ECF No. 27
28   at 5.)

2

1   videoconference could not be arranged.  (Id.)  Counsel was asked to send a notice via fax so that a

2   telephonic deposition could be scheduled for plaintiff.  (Id.)

3          On December 14, 2021, counsel's office faxed the deposition notice and fax cover sheet to

4   the prison per their request.  (Id.)

5          On December 15, 2021, prison staff sent counsel an email to confirm the telephonic

6   deposition was scheduled for December 16, 2021, at 12:00 EST.  (Id.)  Counsel inquired via

7   email if a conference line should be used.  (Id.)  Counsel was instructed that all counsel and the

8   court reporter would need to dial into the prison in order to connect to the plaintiff.  (Id.)

9          On December 16, 2021, counsel called Benjamin Hall, counsel for defendant Endrizzi, in

10  order to conference into the call with plaintiff.  (Id.)  The court reporter was present in counsel's

11  office to attend the deposition.  (Id.)

12         After calling Mr. Hall, counsel called the prison and was connected with plaintiff.  (Id.)

13  Counsel asked who was on the other end of the line and plaintiff identified himself as Charles

14  Head.  (Id.)  Counsel introduced herself and asked to place him on hold so she could conference

15  Mr. Hall into the call.  (Id.)  According to counsel, plaintiff stated that he "did not have notice" of

16  the deposition.  (Id. at 2-3.)  Counsel informed plaintiff that she served a deposition notice in

17  November.  (Id. at 3.)  Plaintiff stated that the notice indicated it was for Zoom and not telephone

18  and that he objected to the deposition.  (Id.)  Counsel asked plaintiff to allow her to conference

19  Mr. Hall into the call so that the parties could discuss the issue.  (Id.)  According to counsel,

20  plaintiff declined and stated that counsel should relay his position to Mr. Hall.  (Id.)  Counsel

21  again asked to conference in Mr. Hall, and plaintiff declined and hung up the phone.  (Id.)

22         Counsel states that she did not receive any communication from plaintiff stating that he

23  objected to the deposition in any form prior to attempting to begin the deposition.  (Id.)

24         Defendant Shelton seeks an order compelling plaintiff to attend his deposition and $1,826

25  in attorneys' fees plus the court reporter's fee of $275.  (ECF No. 86-2 at 3; ECF No. 97-1 at 2.)

26  In the alternative, defendant Shelton seeks terminating sanctions.

27  ////

28  ////

3

1    Plaintiff's Opposition

2         In a declaration attached to his opposition, plaintiff addresses his failure to participate in

3    the telephonic deposition.  (ECF No. 93.)  Plaintiff states that he received notice from counsel that

4    the deposition would be conducted via zoom.  (Id. at 6.)

5         For the following reasons plaintiff contends that he could not communicate to counsel that

6    his prison does not do zoom videoconferences.  Plaintiff alleges that he is unable to communicate

7    with counsel via phone because counsel's office will not accept plaintiff's prepaid phone calls

8    and has repeatedly disconnected from plaintiff's calls.  (Id.)  Plaintiff also alleges that he removed

9    counsel from his email contact list because she would not reply to his emails.  (Id.)  Plaintiff also

10   alleges that postal mail is extremely slow and can take over one month to arrive.  (Id. at 6-7.)

11   Plaintiff also alleges that he filed a complaint in the United District Court for the District of

12   Maryland based on obstruction of his mail by mailroom staff.  (Id. at 7.)

13        Plaintiff alleges that he did not receive any notice from counsel indicating that she would

14   conduct his deposition via telephone or that the zoom deposition was no longer scheduled.  (Id.)

15        Plaintiff alleges that on December 16, 2021, his unit manager informed plaintiff that he

16   had an attorney-client privileged "legal call," and that plaintiff was to report to the room where

17   legal calls were conducted.  (Id. at 7-8.)

18        On December 16, 2021, at approximately 12:00 p.m. EST, plaintiff was in the designated

19   legal call room and a call was transferred to plaintiff from counsel.  (Id. at 8.)  Counsel told

20   plaintiff that the zoom deposition was not feasible and that she wanted to conduct a telephonic

21   deposition immediately.  (Id.)  Plaintiff told counsel that he had not received any notice of this

22   telephonic deposition.  (Id.)

23        Counsel told plaintiff that she was going to connect plaintiff with Benjamin Hall,

24   presumably via a three-way call.  (Id.)  Plaintiff alleges that, "I told [counsel] that I could not

25   speak to Mr. Hall—this three-way call was not authorized by my prison—and after she insisted

26   that she intended to connect me to Mr. Hall I said, 'thank-you for your time,' and disconnected

27   the call."  (Id.)

28        Plaintiff alleges that the Bureau of Prisons staff at his prison routinely issue what

4

1    prisoners refer to as "phone shots," for third parties initiating a three-way call during a phone call.

2    (Id.)  Plaintiff alleges that this is supposedly a violation of Prohibited Act No. 297 and may result

3    in the loss of good time credits.  (Id.)

4    Discussion

5          Federal Rule of Civil Procedure 30(a)(2)(B) provides that a party must obtain leave of

6    court to depose a person confined in prison.  The court may impose a sanction – including of

7    reasonable expenses and attorney's fees – on any person who "impedes, delays, or frustrates the

8    fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).

9          The undersigned makes the following observations.

10         The August 17, 2021 discovery and scheduling order granted defendants leave to depose

11   plaintiff in person or by videoconference.  The August 17, 2021 discovery and scheduling order

12   did not state that defendants were permitted to depose plaintiff telephonically.  Technically,

13   defendant should have sought court permission to conduct plaintiff's deposition telephonically.

14         Defendant argues that plaintiff waived his right to object to the deposition being

15   conducted telephonically by failing to promptly object to the deposition notice.  Fed. R. Civ. P.

16   32(d)(1) ("An objection to an error or irregularity in a deposition notice is waived unless

17   promptly served in writing on the party giving the notice.").  Whether plaintiff was capable of

18   notifying defendant before December 16, 2021, that his prison could not accommodate the zoom

19   deposition is not clear.  However, the undersigned is reluctant to find that a prisoner, proceeding

20   pro se, has a duty to inform opposing counsel that his prison cannot accommodate a zoom

21   deposition.  While the undersigned acknowledges defendant's difficulty communicating with the

22   prison regarding scheduling of the deposition, defendant should have confirmed the prison's

23   ability to accommodate the zoom deposition before noticing the deposition.

24         In the reply, defendant argues that plaintiff's attempt to justify his refusal to attend his

25   deposition by pointing to institutional rules prohibiting three-way calling ignores the process with

26   the institution that counsel for defendant Shelton and counsel for defendant Endrizzi coordinated

27   in order to set up the deposition, including verifying with the institution staff that both sets of

28   counsel could conference into the call.  While this may be true, there is nothing in the record

1    demonstrating that at the time of the deposition plaintiff knew that the prison had waived the rules

2    prohibiting three-way calls for the deposition.[2]

3         Counsel argues that at the time of the deposition, plaintiff did not object that he was not

4    allowed a three-way call before hanging up the phone.  However, in his declaration submitted in

5    support of the opposition, plaintiff alleges that he told counsel that he could not speak with Mr.

6    Hall, but counsel insisted on connecting Mr. Hall.  In the declaration filed February 4, 2022,

7    plaintiff states that he told counsel that he could not speak to a third party.  (ECF No. 96 at 3.)

8    Therefore, whether plaintiff told defense counsel that three-ways calls were not allowed is

9    disputed.

10        For the reasons discussed above, the undersigned finds that counsel's conduct

11   unfortunately contributed to the failure of plaintiff's deposition to proceed on December 16, 2021.

12   Accordingly, defendant Shelton's motion to compel, including the request for monetary and

13   terminating sanctions, is denied.  However, the undersigned orders that defendant Shelton may re-

14   notice plaintiff's deposition.  The undersigned further orders that the deposition may be

15   conducted telephonically.  If plaintiff fails to participate in the re-noticed deposition, the

16   undersigned will consider a renewed motion to compel, including a request for terminating

17   sanctions.

18        The undersigned makes the following observations regarding plaintiff's deposition, should

19   it be re-noticed.  Counsel represents that prison officials authorized the telephonic deposition with

20   a conference call.  Therefore, plaintiff's concern that he will be disciplined for participating in an

21   unauthorized conference call by participating in the deposition appears unwarranted.

22        In his opposition, plaintiff also claimed that the deposition notice indicated that counsel

23   intended to use exhibits during the deposition but failed to give plaintiff adequate notice of her

24   intent to use exhibits.  However, in her declaration submitted in support of the reply, counsel

25   states that she did not intend to use exhibits during the deposition.

26   _____

27   [2] As discussed above, on December 10, 2021, the prison asked counsel to send, apparently, a new
     notice for a telephonic deposition.  On December 14, 2021, counsel's office faxed the new
     deposition notice and fax cover sheet to the prison per their request.  There is no evidence that
28   plaintiff received this new notice.

1    Finally, in the opposition plaintiff appears to argue that defendant's deposition notice was

2  not timely.  The August 17, 2021 discovery and scheduling order states that deposition notices

3  shall be served at least fourteen days prior to the deposition.  (ECF No. 72 at 5.)  The deposition

4  notice, served November 24, 2021, was timely.  (ECF No. 86-2 at 9.)

5    Accordingly, IT IS HEREBY ORDERED that:

6    1.  The January 25, 2022 order to show cause is discharged;

7    2.   Defendant Shelton's motion to compel plaintiff's deposition and for sanctions (ECF

8      No. 86) is denied;

9    3.  Defendant Shelton may depose plaintiff within forty-five days of the date of this order.

10  Dated:  February 16, 2022

11

12                          KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

13

14
   Head1663.com(3)
15

16

17

18

19

20

21

22

23

24

25

26

27

28