UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding without counsel, with a civil action. For the reasons stated herein, the August 25, 2022 order to show cause (ECF No. 124) is discharged; the previously vacated motions (ECF Nos. 87, 89, 90, 94, 101) are reinstated; plaintiff's motion to stay (ECF No. 101) is denied; defendant Endrizzi's motion to compel (ECF No. 87) is granted in part; defendant Shelton's motion to compel (ECF No. 94) is deemed resolved; and plaintiff's motion for extension of time to conduct discovery (ECF No. 90) is denied.

The undersigned will issue a separate order addressing plaintiff's motion for sanctions (ECF No. 89).

Vacated Motions

On July 14, 2022, the undersigned vacated plaintiff's motion for sanctions, plaintiff's motion for extension of time to conduct discovery, defendant Endrizzi's motion to compel,

1

defendant Shelton's motion to compel, and plaintiff's request to stay this action because plaintiff did not have access to his legal property. (ECF No. 121.)

In the discussion of plaintiff's motion to stay, the undersigned herein addresses the issue of plaintiff's access to his legal property. Good cause appearing, the vacated motions are reinstated because the issue of plaintiff's access to his legal property is resolved.

Plaintiff's Motion to Stay (ECF No. 101)

*Background*

On February 18, 2022, plaintiff filed a motion to stay this action on the grounds that he was missing legal property. (ECF No. 101.) At that time, plaintiff was housed at Federal Correctional Institution ("FCI") Cumberland. In the motion to stay, plaintiff alleged that Captain Rakowski recently removed all of plaintiff's legal material from plaintiff's cell. (Id. at 4.) Plaintiff alleged that he would seek an injunction from the District Court in Maryland to compel Captain Rakowski to return plaintiff's legal property. (Id.) Plaintiff requested that this action be stayed until Captain Rakowski returned plaintiff's legal property. (Id.)

On March 16, 2022, the undersigned ordered plaintiff to file a status report addressing the status of his access to his legal property. (ECF No. 107.) In a status report filed March 31, 2022, plaintiff stated that he did not have access to all of his legal materials because he would be transferred shortly. (ECF No. 108 at 3.)

On April 12, 2022, the undersigned ordered plaintiff to file a status report addressing the status of his access to his legal property. (ECF No. 109.) On May 16, 2022, plaintiff filed a status report stating that he was transferred from FCI Cumberland to the Oklahoma Transfer Center, then to a prison in Victorville, California, and then to FCI Mendota on May 3, 2022. (ECF No. 116 at 1.) Plaintiff alleged that he did not have access to his legal property. (Id. at 2.)

On May 20, 2022, plaintiff filed a status report stating that he was without access to his legal property. (ECF No. 118.) On June 21, 2022, plaintiff filed a status report stating that he was without access to his legal property. (ECF No. 120.) On July 13, 2022, plaintiff filed a status report stating that he was without access to his legal property. (ECF No. 122.)

////

On July 14, 2022, the undersigned ordered plaintiff to file a status report addressing his access to his legal property within twenty-one days. (ECF No. 121.) Twenty-one days passed and plaintiff did not file a status report. On August 25, 2022, the undersigned ordered plaintiff to show cause for his failure to file a status report within twenty-one days of the July 14, 2022 order. (ECF No. 124.)

Plaintiff filed a status report on August 24, 2022, in response to the July 14, 2022 order. (ECF No. 123.) Good cause appearing, the August 25, 2022 order to show cause is discharged.

In the status report filed August 24, 2022, plaintiff alleges that on or around August 11, 2022, he received boxes containing his property shipped from FCI Cumberland. (Id. at 2.) After reviewing these boxes, plaintiff discovered that "numerous of my file folders containing documents related to various of my civil actions were missing." (Id.) Plaintiff alleges that the missing documents are those documents seized by Captain Rakowski while plaintiff was housed at FCI Cumberland. (Id.) Plaintiff alleges that he filed motions for return of his legal property seized by Captain Rakowski in actions filed in the United States District Court for the District of Maryland, 1:22-cv-238 and 1:22-cv-566. (Id. at 3.)

In the August 24, 2022 status report, plaintiff alleges that Mr. Holler at FCI Cumberland shipped a box of plaintiff's legal materials to FCI Mendota that was discovered after plaintiff's transfer. (Id. at 4.) The box shipped by Mr. Holler did not contain the missing legal materials. (Id.) Plaintiff contends, "I do not believe that I will ever see my missing legal papers concerning the instant civil action. As such, I am of the opinion that I must proceed without the balance of my documents concerning this matter." (Id.)

The undersigned reviewed plaintiff's actions pending in the United States District Court for the District of Maryland. The undersigned takes judicial notice of the filings in these cases. Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by source whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

////

3

The District of Maryland addressed the alleged confiscation of plaintiff's legal property by Captain Rakowski in case 1:22-cv-0189 DLB. On February 17, 2022, plaintiff filed a motion for extension of time in case 1:22-cv-0189 DLB. (1:22-cv-0189, ECF No. 7.) In this motion, plaintiff claimed that on February 3, 2022, Captain Rakowski sent plaintiff to administrative segregation. (1:22-cv-0189, ECF No. 7-1.) Plaintiff claimed that Captain Rakowski took all of plaintiff's legal materials out of plaintiff's cell. (1:22-cv-0189, ECF No. 7-1.) Plaintiff claimed that Captain Rakowski refused to return plaintiff's legal materials. (1:22-cv-0189, ECF No. 7-1.)

On March 31, 2022, respondent filed a response to plaintiff's claims regarding the alleged confiscation of plaintiff's legal materials by Captain Rakowski. (1:22-cv-0189, ECF No. 10.) In support of the response, respondent submitted the declaration of Captain Rakowski. (1:22-cv-189, ECF No. 10-4.) Captain Rakowski stated that on February 3, 2022, plaintiff was taken to the Security Housing Unit ("SHU"). (1:22-cv-0189, ECF No. 10-4 at 3.) At 2:09 p.m., Captain Rakowski secured plaintiff's property. (1:22-cv-0189, ECF No. 10-4 at 3.) At 3:00 p.m., Captain Rakowski picked up the secured property in order to inventory it. (1:22-cv-0189. ECF No. 10-4 at 3.) While inventorying the property, staff discovered that the legal materials in plaintiff's possession had several other inmates' names on them, which made it difficult for staff to determine which property actually belonged to plaintiff as some of the paperwork belonged to plaintiff's cellmate. (1:22-cv-0189, ECF No. 10-4 at 3.)

On February 25, 2022, Captain Rakowski supervised plaintiff's cellmate while he sorted the property taken from the cell on February 3, 2022, to determine who owned which pieces of property. (1:22-cv-0189, ECF No. 10-4 at 3.) Once completed, Captain Rakowski transported six large duffel bags of property to the SHU. (1:22-cv-0189 at ECF No. 10-4 at 3.) On March 1, 2022, the property, now transferred to the SHU, was fully inventoried by staff. (1:22-cv-0189 at ECF No. 10-4 at 3.) Plaintiff reviewed the inventoried property form completed by staff and certified the accuracy of the inventory by his signature at 8:30 a.m. (1:22-cv-0189, ECF No. 10-4 at 3.)

Respondent in case 1:22-cv-0189 submitted an Inventory Form signed by plaintiff on March 1, 2022. (1:22-cv-0189, ECF No. 10-4 at 12.) In relevant part, the form lists "1 bag legal"

4

and "1 bin legal." (1:22-cv-0189, ECF No. 10-4 at 12.) The form states, in relevant part, that the "inmate by signing below certifies the accuracy of the inventory…If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS." (1:22-cv-0189, ECF No. 10-4 at 12.) The form contains no comments by plaintiff regarding missing property. (1:22-cv-0189, ECF No. 10-4 at 12.)

Respondent in case 1:22-cv-0189 submitted a declaration by Lieutenant Divelbliss stating that on March 7, 2022, Unit Manager Holler informed him that plaintiff requested access to his legal materials. (1:22-cv-0189, ECF No. 10-5 at 2.) That same day, plaintiff told Lieutenant Divelbliss that plaintiff had three active cases totaling approximately 1,000 pages of documents. (1:22-cv-0189, ECF No. 10-5 at 3.) On March 9, 2022, plaintiff was granted access to the requested 1,000 pages of documents. (1:22-cv-0189, ECF No. 10-5 at 3.)

On May 10, 2022, the court in case 1:22-cv-0189 denied plaintiff's motion for return of his legal materials. (1:22-cv-0189, ECF No. 12 at 2.) The court found, in relevant part,

> From the verified records submitted by respondent, however, it appears that on March 9, 2022, after Head filed his motion for injunctive relief, he was "granted access to the requested 1,000 pages of documents." *See* ECF No. 10-5 (Ty Divelbliss Decl.). Head has not disputed this evidence. Thus, his request for injunctive relief is moot.

(1: 22-cv-0189, ECF No. 12 at 2.)

On June 3, 2022, plaintiff filed a motion for reconsideration of the May 10, 2022 order denying his request for legal materials. (1:22-cv-0189, ECF No. 20.) In a declaration filed in support of this motion, plaintiff alleged that Lieutenant Divelbliss "has no idea what I did or did not receive as he was not present when the SHU (segregated housing unit) officers ultimately allowed me to sort through the legal material which Captain Rakowski finally released to the SHU property officers a month after seizing the material." (1:22-cv-0189, ECF No. 20-1 at 2.) Plaintiff alleged that he was still missing "vast amounts" of legal papers. (1:22-cv-0189, ECF No. 20-1 at 2.) Plaintiff alleged that he was told that another box of his legal papers had been shipped from FCI Cumberland to FCI Mendota which supposedly contains his missing legal materials. (1:22-cv-0189, ECF No. 20-1 at 2.)

On July 29, 2022, the District Court of Maryland denied plaintiff's motion for reconsideration of the order denying his motion requesting return of his missing legal materials. (1:22-cv-0189, ECF No. 25.)

The undersigned has also reviewed the dockets in the two cases pending in the District Court of Maryland cited by plaintiff in his August 24, 2022 status report. (ECF No 123 at 3.) In case 1:22-cv-238, on July 22, 2022, plaintiff filed a motion for an extension of time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). (1:22-cv-238, ECF No. 20.) In a declaration submitted in support of this motion, plaintiff claimed that he needed to subpoena legal materials which an officer working at FCI Cumberland removed from his cell in February 2022 and never returned. (1:22-cv-238, ECF No. 20-1 at 3.)

On August 22, 2022, defendants filed a response to plaintiff's motion for an extension of time pursuant to Rule 56(d).[1] (1:22-cv-238, ECF No. 29.) In relevant part, defendants claimed that on August 2, 2022, plaintiff signed a receipt while housed at FCI Mendota indicating that he received all of his legal materials. (1:22-cv-238, ECF No. 29 at 6.) Attached to defendants' response are three documents titled "Inmate Property Record." In the first form, signed by plaintiff on March 31, 2022, plaintiff did not indicate that any of his property was missing. (1:22-cv-238 , ECF No. 29-1 at 4.) The March 31, 2022 form identified plaintiff as possessing "25 legal materials." (1:22-cv-238, ECF No. 29-1 at 4.) This form also indicated that the purpose of the property inventory was plaintiff's transfer. (1:22-cv-238, ECF No. 29-1 at 4.)

The second form, also dated March 31, 2022, appears to address plaintiff's personal property. (1:22-cv-238, ECF No. 29-1 at 3.) This form indicated that plaintiff had nine excess boxes that were mailed to an address in Pittsburgh, Pennsylvania. (1:22-cv-238, ECF No. 29-1 at 3.) Plaintiff refused to sign this form on March 31, 2022. (1:22-cv-238, ECF No. 29-1 at 3.) This form contains plaintiff's signature, dated August 2, 2022, apparently indicating that plaintiff received the property identified in the form that was not mailed to the Pittsburgh, Pennsylvania address. (1:22-cv-238, ECF No. 29-1 at 3.) This form also indicates that the purpose of the

---

[1] The District of Maryland has not issued an order addressing plaintiff's motion for extension of time pursuant to Rule 56(d).

property inventory was plaintiff's transfer.  (1:22-cv-238, ECF No. 29-1 at 3.)

The third form, signed by plaintiff on August 2, 2022, contains a note apparently written by plaintiff stating, "missing two boxes of misc. personal property and files."  (1:22-cv-238, ECF No. 29-1 at 2.)  This note is crossed off and someone else wrote, "I/M Head received all of his legal materials.  Total 4 boxes."  (1:22-cv-238, ECF No. 29-1 at 2.)  The form indicates that the purpose of the property inventory was an "incoming package."  (1:22-cv-238, ECF No. 29-1 at 2.)

In the other case cited by plaintiff in his August 24, 2022 status report, 1:22-cv-566 JKB, plaintiff filed a complaint on March 9, 2022 against Captain Rakowski.  (1:22-cv-566 at ECF No. 1.)  Plaintiff alleged Captain Rakowski exposed plaintiff to COVID-19 and confiscated plaintiff's legal and personal property on February 3, 2022.  (1:22-cv-566 at ECF No. 1.)  Defendant Rakowski has not yet responded to plaintiff's complaint filed in case 1:22-cv-566.

*Analysis*

The undersigned requires no further briefing from either party regarding plaintiff's access to his legal property.  As indicated above, the District of Maryland received substantial evidence regarding this matter.

As stated above, in his August 24, 2022 status report, plaintiff maintains that Captain Rakowski continues to withhold some of plaintiff's legal property regarding the instant action.  Plaintiff states that he is of the opinion that he must proceed without the balance of his documents concerning this matter.  Based on this statement, plaintiff may be withdrawing the pending motion to stay.  However, to the extent plaintiff does not intend to withdraw the motion to stay, the undersigned makes the following findings.

Captain Rakowski's declaration filed in case 1:22-cv-0189 demonstrates that Captain Rakowski did not withhold portions of plaintiff's legal property regarding the instant action.  On March 1, 2022, and March 31, 2022, plaintiff signed documents indicating that none of his legal property was missing.  The record also demonstrates that plaintiff's legal property, maintained by FCI Cumberland, was mailed to plaintiff at FCI Mendota.

Because the record contains no evidence supporting plaintiff's claim that his legal property regarding the instant action is being held by Captain Rakowski at FCI Cumberland,

plaintiff's request to stay this action on these grounds is denied.

To the extent plaintiff continues to miss portions of his legal property regarding the instant action, the undersigned observes that it is possible that plaintiff's missing legal property may have been inadvertently sent with his property that was mailed to Pittsburgh, Pennsylvania on or around March 31, 2022. Therefore, plaintiff may attempt to recreate the missing documents, seek the missing documents from other sources and/or inquire as to whether these missing documents were inadvertently sent to the address in Pittsburgh, Pennsylvania.

Other Pending Motions

The undersigned herein addresses defendant Endrizzi's motion to compel, defendant Shelton's motion to compel, and plaintiff's motion for extension of time to conduct discovery. The undersigned will issue a separate order addressing plaintiff's motion for sanctions.

*Motions to Compel Filed by Defendants Endrizzi and Shelton (ECF Nos. 87, 94)*

In her motion to compel, defendant Endrizzi claimed that plaintiff failed to respond to a request for production of documents, interrogatories and request for admissions served on October 9, 2021. (ECF No. 87.) In his motion to compel, defendant Shelton claimed that plaintiff failed to respond to interrogatories and a request for production of documents served on November 16, 2021. (ECF No. 94.)

On February 4, 2022, plaintiff filed a declaration stating that he timely submitted responses to defendants' discovery requests. (ECF No. 96.) Plaintiff also alleged that prison staff obstructed his mail. (Id.) On April 12, 2022, the undersigned ordered defendants to inform the court whether they received the responses to the at-issue discovery requests. (ECF No. 109.)

On April 19, 2022, defendant Endrizzi informed the court that plaintiff served written responses to the interrogatories and request for production of documents. (ECF No. 110.) Defendant Endrizzi states that plaintiff produced no documents with his written response and instead included a letter stating: "I cannot send you copies of all of the documents your client requested due to the fact that most of my legal material has been placed in a large box to be shipped to my next prison." (Id. at 1.) Defendant Endrizzi states that her motion to compel is resolved as to the interrogatories but not as to the request for production of documents. (Id. at 2.)

In the April 19, 2022 status report, defendant Endrizzi did not address whether plaintiff responded to the request for admissions.

On April 19, 2022, defendant Shelton informed the court that while plaintiff has now provided responses to the discovery, which resolves the thrust of the motion to compel, plaintiff's responses are insufficient and subject to a motion to compel further responses. (ECF No. 111 at 1.) Defendant Shelton contends that plaintiff's responses are insufficient because plaintiff claimed lack of access to documents as the reason for his inability to provide the requested information. (Id.)

When plaintiff responded to defendants' discovery requests, he apparently did not have access to his legal property. Because plaintiff now has access to some of his legal property regarding the instant action, plaintiff is ordered to serve further responses to defendant Endrizzi's request for production of documents and defendant Shelton's interrogatories and request for production of documents. After reviewing plaintiff's further responses, defendants may file motions to compel addressing the merits of plaintiff's responses to their discovery requests.[2]

*Plaintiff's Motion for Extension of Time to Conduct Discovery (ECF No. 90)*

Federal Rule of Civil Procedure 16(4) provides that, "[a] schedule may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16's "'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Thus, normally, if the moving party "was not diligent, the inquiry should end." Id.

---

[2] The undersigned cannot order plaintiff to produce documents he does not possess. However, plaintiff is cautioned that, at later stages of these proceedings, he may be prohibited from introducing documents as exhibits that he failed to produce in response to defendants' discovery requests. Plaintiff is also reminded of his continuing obligation to supplement responses to discovery requests. Fed. R. Civ. P. 26(e).

9

1       Plaintiff requests an extension of time to depose defendant Endrizzi. (ECF No. 90.)
2  Plaintiff alleges that he hired attorney Ania Williams to conduct defendant Endrizzi's deposition
3  in December 2021. (Id. at 1.) Plaintiff alleges that, for reasons beyond plaintiff's control, Ms.
4  Williams was unable to conduct defendant Endrizzi's deposition before the discovery deadline.
5  (Id.) Plaintiff alleges that he was informed of the "failed deposition "on December 27, 2021.
6  (Id.) For these reasons, plaintiff requests additional time for Ms. Williams to depose defendant
7  Endrizzi. (Id.)
8       In a declaration attached to the motion for extension of time, plaintiff alleges that on the
9  date Ms. Williams was to depose defendant Endrizzi, the notary hired to administer the oath to
10 defendant Endrizzi told Ms. Williams that he could not administer the oath via zoom. (Id. at 3.)
11 The administrator informed Ms. Williams that he needed to be in the same room with defendant
12 Endrizzi, who was in New York. (Id.)
13      Defendant Endrizzi opposes plaintiff's motion for an extension of time to conduct her
14 deposition. (ECF No. 98.) Defendant Endrizzi observes that the discovery deadline was
15 December 17, 2021. (Id. at 1, citing ECF No. 72 at 5.)
16      In support of the opposition, defendant Endrizzi submitted the declaration of her counsel.
17 Counsel states that on November 15, 2021, he received an email from Ania Williams, a
18 Sacramento attorney, regarding setting a date for the deposition of defendant Endrizzi. (ECF No.
19 98-1 at 1.) Ms. Williams informed counsel that her representation would be limited to conducting
20 the deposition of defendant Endrizzi. (Id. at 1-2.) On November 17, 2021, plaintiff served a
21 Notice of Deposition of defendant Endrizzi, setting the deposition for December 15, 2021, in
22 Sacramento. (Id. at 2.) The notice indicated that the deposition would proceed before a certified
23 shorthand reporter authorized to administer oaths and would be recorded by stenographic method.
24 (Id.)
25      On December 1, 2021, Ms. Williams sent counsel an email indicating that she noticed
26 defendant Endrizzi's deposition for December 15, 2021, at 9:00 a.m., in her office and asked
27 counsel to let her know if the scheduled date and time would work. (Id.) Counsel responded by
28 email on December 2, 2021, that defendant Endrizzi was not available on December 15, 2021, but

1  could appear for her deposition by videoconference on December 17, 2021.  (Id.)  Counsel

2  informed Mr. Williams that defendant Endrizzi was located on the East Coast.  (Id.)  Ms.

3  Williams responded by email the same day, stating:  "Sure, we can proceed via Zoom."  (Id.)

4        On December 16, 2021, Ms. Williams sent counsel an email invitation to a Zoom meeting

5  for the deposition of defendant Endrizzi at 9:00 a.m. Pacific time on December 17, 2021.  (Id.)

6        On December 17, 2021, at the scheduled time, defendant Endrizzi and counsel logged on

7  to Zoom for the scheduled deposition.  (Id.)  Nicole Williams, attorney for defendant Shelton,

8  also appeared.  (Id.)  Ms. Williams appeared on the videoconference and stated that she had not

9  arranged for a court reporter to preserve the testimony and did not have available any person

10 authorized to administer the oath.  (Id.)  Ms. Williams acknowledged that she was not prepared to

11 go forward with the deposition and inquired whether the deposition could be rescheduled.  (Id.)

12 Defendant Endrizzi's counsel informed Ms. Williams that he would not agree to reschedule the

13 deposition, given that the deadline for completing discovery was December 17, 2021, and

14 plaintiff failed to provide discovery responses or participate in his own deposition.  (Id.)

15       The evidence demonstrates that, at the time of defendant Endrizzi's deposition, Ms.

16 Williams failed to arrange for a court reporter to preserve the testimony and failed to make

17 available someone authorized to administer the oath.  While plaintiff himself did not make these

18 mistakes, the lawyer representing plaintiff at the deposition made these mistakes.  These careless

19 mistakes by Ms. Williams are not good cause to grant plaintiff's motion for extension of time to

20 depose defendant Endrizzi.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 at 609

21 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

22 relief.").  Accordingly, plaintiff's motion for extension of time to depose defendant Endrizzi is

23 denied.

24       Accordingly, IT IS HEREBY ORDERED that:

25     1.  The August 25, 2022 order to show cause is discharged;

26     2.  The previously vacated motions (ECF Nos. 87, 89, 90, 94, 101) are reinstated;

27     3.  Plaintiff's motion to stay (ECF No. 101) is denied;

28     4.  Defendant Endrizzi's motion to compel (ECF No. 87) is granted as to the request for

production of documents; within five days of the date of this order, defendant Endrizzi shall re-serve plaintiff with the request for production of documents; within thirty days of the date of this order, plaintiff shall serve defendant Endrizzi with a further response to the request for production of documents; defendant Endrizzi may file a motion to compel regarding plaintiff's responses to the request for admissions, interrogatories and request for production of documents within thirty days thereafter;

5. Defendant Shelton's motion to compel (ECF No. 94) is deemed resolved; within five days of the date of this order, defendant Shelton shall reserve plaintiff with the at-issue interrogatories and request for production of documents; within thirty days of the date of this order, plaintiff shall serve defendant Shelton with a further response to these discovery requests; defendant Shelton may file a motion to compel regarding plaintiff's further responses within thirty days thereafter;

6. Plaintiff's motion for extension of time to conduct discovery (ECF No. 90) is denied;

Dated: October 6, 2022

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.fb(2)

12