UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner, proceeding without counsel, with this civil action. Pending before the court is plaintiff's motion for sanctions against defendant Endrizzi based on alleged spoliation of evidence. (ECF No. 89.) For the reasons stated herein, plaintiff's motion for sanctions is denied.

Background

Plaintiff filed the original complaint on August 26, 2019. (ECF No. 1.)

This action proceeds on plaintiff's first amended complaint filed October 15, 2020, against defendants Sacramento County Deputy Sheriff Shelton and Assistant United States Attorney Endrizzi. (ECF No. 39.)

Plaintiff alleges that in 2009, defendant Shelton provided defendant Endrizzi with recordings of privileged telephone calls between plaintiff and his lawyer, Scott Tedmon, while plaintiff was housed at the Sacramento County Jail during criminal proceedings. (Id. at 2, 4-5.)

1

Plaintiff alleges that the purpose of these disclosures was to give defendant Endrizzi an unfair advantage in the prosecution of plaintiff in two criminal trials held in the United States District Court for the Eastern District of California. (Id.)

Plaintiff alleges that he filed multiple grievances to Captain Maness concerning his belief that defendant Shelton may be sending among other things, recordings of telephone calls between plaintiff and his criminal attorney, i.e., Scott Tedmon, to the government prosecutors or the FBI. (Id. at 8-9.) Plaintiff alleges that in response to his numerous grievances, defendant Shelton stated that none of plaintiff's privileged information was being disclosed to any third party including the government prosecutors and the FBI. (Id.) Plaintiff alleges that Captain Maness confirmed this fact as well. (Id.)

Plaintiff also alleges that in response to discovery requests made during his criminal prosecution, defendant Endrizzi did not disclose that she possessed recorded phone calls between plaintiff and his lawyer, given to her by defendant Shelton. (Id. at 14.)

Plaintiff alleges that in July of 2019, in response to his request for records, he received information showing defendant Shelton delivered to defendant Endrizzi recordings of telephone calls between plaintiff and his criminal lawyer while plaintiff was housed at the Sacramento County Jail in 2009. (Id. at 14-15.)

Following resolution of defendant Shelton's motion to dismiss, this action proceeds on plaintiff's claim that defendant Shelton violated the Wiretap Act. This action proceeds against defendant Endrizzi on claims that she violated the Wiretap Act, the Stored Communications Act, the California Invasion of Privacy Act, and plaintiff's right to privacy under the California Constitution.

Discussion

*Legal Standard*

Plaintiff moves for sanctions against defendant Endrizzi based on the alleged spoliation of recordings of his phone conversations at the Sacramento County Jail. These recordings appear to have been electronically stored information ("ESI").

Under Federal Rule of Civil Procedure 37(e), a party seeking sanctions for spoliation of

2

ESI bears the burden of proof, see Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 766 (9th Cir. 2015), and must show, at a minimum, that (i) the evidence at issue qualifies as ESI, (ii) the ESI is "lost" and "cannot be restored or replaced through additional discovery," (iii) the offending party "failed to take reasonable steps to preserve" the ESI, and (iv) the offending party was under a duty to preserve it. Gaina v. Northridge Hosp. Med. Ctr., 2019 WL 1751825, at *2 (C.D. Cal. Feb. 25, 2019). If these four criteria are met and the court determines that the moving party is prejudiced from the "loss of the information," the court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

*Plaintiff's Motion*

The background to plaintiff's pending motion follows herein.

In a request for production of documents, plaintiff asked defendant Endrizzi for, "Any and all audio recordings of Charles Head's phone conversations recorded while he was an inmate at the Sacramento County Jail." (ECF No. 88 at 2.) Defendant responded that she had no responsive recordings in her possession, custody or control. (Id.) Plaintiff moved to compel defendant Endrizzi to produce the requested recordings. (Id.) The undersigned denied plaintiff's motion to compel because defendant Endrizzi could not locate the requested recordings after a reasonable inquiry and diligent search. (Id. at 8.)

In the pending motion, plaintiff claims that defendant Endrizzi possessed the requested recordings and failed to preserve them. (ECF No. 89 at 3.) In support of this claim, plaintiff cites defendant Endrizzi's answer to the amended complaint where she stated that she "received copies of certain inmate phone calls made by plaintiff…" (Id.; ECF No. 70 at 2 (answer).) In the answer, defendant Endrizzi also denied that she requested or knowingly received and reviewed privileged communications of any kind between plaintiff and his attorney. (ECF No. 70 at 4.)

In the pending motion, plaintiff also cites defendant Enrizzi's opposition to plaintiff's motion for bail consideration, filed August 12, 2009, in his criminal action, as evidence of defendant Endrizzi's possession of phone recordings. In relevant part, the opposition states that jail recordings indicated that the relationship between plaintiff and Hanna Ko was intimate and

////

3

not professional.[1]  (ECF No. 89 at 4; 2: 08-cr-93 at ECF No. 279, no. 1).)  The opposition also states that Hanna Ko was not a licensed attorney in California.  (2:08-cr-93 at ECF No. 279, no. 1.)

In the pending motion, plaintiff also cites defendant Endrizzi's response to plaintiff's request for admission no. 13.  (ECF No. 89 at 5.)  Defendant Endrizzi admitted that she requested copies of plaintiff's non-legal phone conversation made from the Sacramento County Main Jail from defendant Shelton.  (Id. at 20.)

Plaintiff also cites defendant Endrizzi's declaration submitted in opposition to plaintiff's motion to compel where she recalled arranging with the Sacramento County Jail to obtain nonprivileged phone calls made by jail inmates.  (ECF No. 85-1 at 2.)  Defendant Endrizzi states that she believes this included phone calls with plaintiff.  (Id.)  Defendant Endrizzi recalls going to the Sacramento County Jail to pick up a disk of materials from defendant Shelton, but she does not recall whether that disk contained recorded jail calls or correspondence.  (Id.)  Defendant Endrizzi also states that she did not request from Deputy Shelton or any other person jail call recordings between plaintiff and his counsel.  (Id. at 3.)

Plaintiff also alleges that in response to plaintiff's discovery request, defendant Endrizzi produced a document that she wrote to defendant Shelton while plaintiff was an inmate in the jail. (ECF No. 89 at 6.)  This document, attached to the pending motion, is a letter dated January 8, 2010, from defendant Endrizzi to defendant Shelton and the U.S. Marshal.  (Id. at 41.)  This letter states that the United States has become aware that plaintiff is likely to file civil rights action. (Id.)  The letter asks defendant Shelton and the U.S. Marshal to preserve "all communications and records to, from, or concerning" to plaintiff.  (Id.)  The letter states that this request "covers reports, internal communications, and emails."  (Id.)  The letter states that this "request does not require your office to suspend computer server overwrites, storage or back-up activities, as agreed to by the U.S. Attorney's Office and defense counsel, Scott Tedmon."  (Id.)

---

[1] The undersigned takes judicial notice of the pleadings in plaintiff's criminal action.  Fed. R. Civ. P. 201(b); BP West Coast Products LLC v. Green, 318 F.Supp.2d 987, 994 (E.D. Cal. 2004) (judicial notice may be taken of court records).

4

In the pending motion, plaintiff argues that the January 8, 2010 letter shows that defendants Endrizzi and Shelton knew that their actions may have created civil liability and that recordings of plaintiff's phone calls from the jail were likely to be material evidence in relation to a civil rights action.  (Id. at 7.)

*Defendant's Opposition*

In the opposition, defendant appears to concede that she may have possessed recordings of plaintiff's non-privileged phone calls.  (ECF No. 92 at 4.)  Referring to her declaration submitted in opposition to plaintiff's motion to compel, defendant states that she did not request from defendant Shelton or from any other person jail recordings between plaintiff and his counsel.  (ECF No. 85-1 at 3.)  In her declaration, defendant stated that it was her understanding that the telephone number for plaintiff's attorney would have been registered with the Sacramento Jail for exclusion from the jail's recording system.  (Id.)  In her declaration, defendant also stated that it was and is her practice that if she were to inadvertently receive potentially privileged material, as soon as she recognized that fact, she would place the item in an envelope, seal it, and request that a filter attorney (an attorney with no connection to the case) be assigned to review the item and determine whether it was privileged.  (Id.)

In the opposition, defendant also contends that the preservation letter cited by plaintiff does not demonstrate that defendant knew of her duty to preserve plaintiff's jail recordings.  (ECF No. 92 at 5.)  Defendant contends that at the time of the January 2010 preservation letter, plaintiff and the United States were litigating motions by plaintiff to suppress evidence and plaintiff claimed that the Sacramento County Jail had improperly obtained plaintiff's mail correspondences, and not phone calls.  Defendant cites case 2:08-cr-93 KJM AC ("Head I") at ECF Nos. 297-300, 320-321, which includes plaintiff's motion to suppress evidence derived from interfering with plaintiff's mail, filed December 7, 2009.  (2:08-cr-93 at ECF No. 297.)  Defendant also cites case 2:08-cr-116 KJM AC ("Head II") at ECF Nos. 149-152, 165-166, which includes plaintiff's motion to suppress evidence derived from interfering with plaintiff's mail, filed December 7, 2009.  (2:08-cr-116 at ECF No. 149.)

Based on the record discussed above, defendant argues that nothing in the January 2010

5

preservation letter demonstrates that defendant could have anticipated being sued in her individual capacity over jail telephone calls more than a decade later or that she had a duty to preserve records in the criminal case files after she left the employ of the United States Attorney's Office. (ECF No. 92 at 6.) Defendant argues that her involvement as a prosecutor in Head I and Head II ended in July 2010, when she accepted a detail to the Office of the Deputy Attorney General at the U.S. Embassy in Baghdad, Iraq. (Id.) Defendant has not had physical access to the files in Head I or Head II since July 2010. (Id.)

*Discussion*

The duty to preserve evidence may arise before litigation is filed. Gypsum Resources, LLC v. Clark County, 2022 WL 16951250, at *4 (D. Nev. Nov. 15, 2022) (citing Apple v. Samsung, 888 F.Supp.2d 976, 991 (N.D. Cal. 2012)). The fact that a person "could file a complaint or even might" do so is not enough to trigger the duty to preserve ESI. Aberin v. American Honda Motor Company, Inc., 2017 WL 6493095, at *2 (N.D. Cal. Dec. 19, 2017). "The future litigation must be 'probable,' which has been held to mean 'more than a possibility.'" In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1068 (N.D. Cal. 2006) (internal citation and quote marks omitted). "A general concern over litigation does not trigger a duty to preserve evidence." Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc., 264 F.R.D. 517, 526 (N.D. Cal. 2009). "Whether litigation is foreseeable is a fact intensive question that must be assessed on a case-by-case basis." Gypsum Resources, 2022 WL 16951250, at *4 (citing Micron Tech., Inc. v. Rambus, Inc., 645 F.3d at 1320-21 (Fed. Cir. 2011) (collecting cases)). "This assessment is a flexible, fact specific standard that allows a district court to exercise the discretion necessary to confront the various factual situations inherent in a spoliation inquiry." Gympsum Resources, 2022 WL 16951250, at * 4 (citing Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001)).

At the outset, the undersigned finds that the January 8, 2010 preservation letter does not demonstrate that defendant Endrizzi knew of her duty to preserve evidence of the at-issue phone recordings. This letter concerned written correspondence and was addressed to defendant Shelton and the U.S. Marshal.

The record discussed above indicates that defendant Endrizzi may have, at some time, possessed recordings of plaintiff's non-privileged calls from the Sacramento County Jail. Plaintiff's claim that defendant Endrizzi possessed privileged recordings, i.e., recordings of calls between plaintiff and his lawyer, is not well supported in the pending motion.

However, assuming defendant Endrizzi possessed copies of the privileged and non-privileged recordings, and that she had a duty to preserve these recordings, her duty to preserve these recordings has long passed. Raymond v. City of New York, 2020 WL 7055572, at *10 (S.D. N.Y. Dec. 2, 2020) (the duty to preserve evidence does not continue indefinitely) (citing Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc., 473 F.3d 450, 458 (7th Cir. 2007)). Plaintiff filed the instant action approximately ten years after defendant Endrizzi allegedly received recordings of calls between plaintiff and his counsel from defendant Shelton. Defendant Endrizzi's duty to preserve copies of the privileged and non-privileged recordings, assuming she possessed them and had a duty to preserve them, ended long ago.

The undersigned observes that in the amended complaint, plaintiff suggests that he did not discover the grounds of his claims against defendant Endrizzi until July 2019 because of alleged misrepresentations by defendants. In the amended complaint, plaintiff alleges that while he was housed at the Sacramento County Jail, defendant Shelton told plaintiff that he did not disclose plaintiff's privileged recordings to the government. (ECF No. 39 at 18.) Plaintiff also claims that defendant Endrizzi denied to plaintiff's defense counsel that she possessed privileged recordings. (Id. at 19.) In the amended complaint, plaintiff alleges that he filed numerous requests to the government pursuant to 5 U.S.C. § 552 and 552(a) in order to obtain documents relevant to his criminal cases. (Id. at 14.) Plaintiff alleges that in July 2019, he "received information in response to his requests for records evidencing Shelton's delivery of and Endrizzi's receipt of plaintiff's attorney-client privileged phone call recordings…" (Id. at 14-15.)

Plaintiff does not address why he waited approximately ten years after the alleged deprivation in 2009 to submit a request for records regarding defendant Shelton's alleged delivery of privileged recordings to defendant Endrizzi. Based on plaintiff's unexplained delay in investigating his claims, the undersigned also finds that defendant Endrizzi's duty to personally

7

preserve the recordings, assuming she possessed them and had a duty to preserve them, did not extend for ten years, even assuming she made a misrepresentation to defense counsel regarding her possession of the privileged recordings.

For the reasons discussed above, plaintiff's motion for sanctions is denied.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 89) is denied.

Dated:  January 31, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.san

---

[2] The undersigned need not reach defendant's argument that her duty to preserve evidence ended after she left the Sacramento Office of the United States Attorney's Office.