UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2:19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

   Plaintiff is a federal prisoner, proceeding pro se, with this civil action.  On March 10, 2023, defendants Shelton and Endrizzi filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  On April 10, 2023, the undersigned directed the moving defendants' counsel to re-serve plaintiff at his new address of record, and plaintiff was granted 45 days from the date of the order to file oppositions to the pending motions.  (ECF No. 133.)  The motions were re-served on April 11, 2023, and April 12, 2023.  (ECF Nos. 134, 135.)  Over 45 days have passed, and plaintiff did not oppose the motions.

   Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  <u>Id.</u>  On March 10, 2023, plaintiff was advised of the

---

[1] On June 23, 2020, the district court found that to the extent plaintiff alleged a violation of the Wiretap Act by Sacramento County, Sacramento County is immune from suit.  (ECF No. 19.)

1

requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Id.  In the orders filed July 17, 2020, and April 27, 2021, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.  (ECF Nos. 24, 65.)

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motions for summary judgment.  Failure to file an opposition will be deemed as consent to have the:  (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Such a failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  June 13, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/head1663.nop