UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HEAD, | No. 2: 19-cv-1663 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al, | |
| Defendants. | |

  Plaintiff is a federal prisoner proceeding without counsel with a civil action. On March 10, 2023, defendants filed motions for summary judgment. (ECF Nos. 129, 130.) Plaintiff did not file oppositions. On July 17, 2020, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 24.) See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

  On June 13, 2023, plaintiff was ordered to file oppositions or a statement of non-opposition to the pending motions within thirty days. (ECF No. 136.) In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motions and that failure to oppose such motions would be deemed as consent to have the: (a) pending motions granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. (Id.) Plaintiff was also informed that failure

1

to file oppositions would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Id.)

The thirty day period expired and plaintiff did not respond to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal of this action.  The action has been pending for approximately four years and reached the stage for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial.  Plaintiff's failure to comply with the Local Rules and the court's June 13, 2023 order suggests that he abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motions, also favors dismissal.  Plaintiff's failure to oppose the motions prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal.  The court advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motions, all to no avail.  The court finds no suitable alternative to dismissal of this action.

////

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Head1663.fr